OZAN LUMBER COMPANY *v.* McNEELY.

4-8736                                            217 S. W. 2d 341

Opinion delivered February 14, 1949.

*McRae & Tompkins* and *S. Hubert Mayes,* for appellant.

*W. F. Denman* and *J. H. Lookadoo,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Ozan Lumber Company, has appealed from judgments rendered

against it and C. M. Kirby in favor of appellees, Ruth McNeely, Pearl McClelland, J. V. McClelland, Jr., a minor, and Wallace Moorehead, for damages on account of injuries resulting from a collision of an automobile in which appellees were riding and a truck owned and operated by C. M. Kirby at the time of the collision. The wreck occurred about 7:30 p. m. September 27, 1947, on U. S. highway No. 67 between Prescott and Gurdon in Clark county.

Appellees filed separate complaints alleging that the collision was caused by the negligence of the defendants in permitting a loaded log truck to remain on the highway from 3:00 p. m. until the time of the collision without putting out lights or flares to warn appellees and others using the highway of the presence of the truck on the road.

The original complaints alleged that C. M. Kirby was the driver of the log truck and working for Ozan Lumber Company and for himself at the time of the collision. Amendments to the complaints were later filed alleging that, ''the defendant, Ozan Lumber Company, was further negligent in employing C. M. Kirby to haul logs for it, knowing that he was a reckless, careless and negligent driver, or at least had this knowledge prior to the time of the accident complained of herein and was negligent in retaining him.''

The answers of appellant denied generally the allegations of the complaint and specifically that Kirby was acting for it in any capacity at the time of the accident, and further alleged contributory negligence on the part of appellees as a bar to recovery. The cases were consolidated for trial, resulting in judgments aggregating $36,000. Kirby has not appealed and it is conceded that a case was made for the jury on the question of his liability in the case.

We first consider appellant's contention that the trial court erred in submitting to the jury the question whether C. M. Kirby was an employee of the appellant lumber company at the time of the collision. This ques-

tion was submitted in instructions Nos. 1 and 4, given at the request of appellees, and special interrogatory No. 1, given by the court on its own motion, over the specific objections of appellant.

It is earnestly insisted that the undisputed evidence shows that Kirby was engaged by appellant as an independent contractor and that there was no evidence upon which to base the finding by the jury that he was acting as an employee of the company at the time of the collision. On this point appellees offered the testimony of the appellant's vice-president showing that the company had the same kind of written contract with all its log haulers. Appellees also introduced the testimony of two other haulers, Jesse and Sidney Humphries, who stated that they paid social security and unemployment taxes on men in their employ, but that appellant carried the workmen's compensation insurance on such employees. This testimony was objected to by appellant as being immaterial and unrelated to what was done under the contract with Kirby. In admitting the testimony, the trial court instructed the jury to disregard it unless it was also found that appellant had the same contract with Kirby.

Although Kirby was called as a witness by appellees to show that he was operating the truck which he left on the highway about 3:00 p. m., he was not questioned as to the manner of his operations under the written contract. The only other evidence showing the method of Kirby's operations was that appellant paid one claim voluntarily and another after suit for damages resulting from collisions in which Kirby was involved. These collisions occurred two or three years prior to the one involved here and the jury's consideration thereof was limited to the question as to whether appellant engaged Kirby knowing that he was a careless, reckless and incompetent contractor.

If it had been shown that appellant paid workmen's compensation insurance on Kirby or his employees, such testimony would have been relevant as a circumstance to be considered by the jury in determining whether

Kirby was an employee or an independent contractor of appellant. In *Delamar & Allison* v. *Ward,* 184 Ark. 82, 41 S. W. 2d 760, we held (headnote 3): ''Evidence that defendants were carrying liability insurance covering the negligence of a truck driver hauling gravel was a circumstance to be considered in determining whether the truck driver was employed by defendants or was an independent contractor.'' Since appellees failed to make the proof here, it is unnecessary to decide whether the procurement of such insurance is sufficient in itself to establish the relationship of master and servant. See, Anno: 20 A. L. A. 787; 85 A. L. R. 784.

After appellees introduced testimony showing that Kirby was engaged in hauling logs for appellant at the time of the injuries complained of, the burden rested upon the company to show that Kirby was an independent contractor. *Warren, Administrator* v. *Hale,* 203 Ark. 608, 158 S. W. 2d 51. To discharge this burden appellant introduced its written contract with Kirby, executed on September 22, 1947, and under which Kirby was operating the truck at the time of the collision five days later. This contract contained no provision concerning the payment of workmen's compensation insurance. We do not set out the terms of the written contract, but it is sufficient to say that under our decisions it established the relationship of employer and independent contractor between appellant and Kirby, unless there was other substantial evidence that the written contract was modified by the practice under it indicating a right of control reserved by appellant over Kirby's manner of doing the work. Although a written contract creates the relation of employer and independent contractor, such relation may be destroyed by conduct of the employer through direction of means and methods of producing physical results, and it becomes a question of fact for the jury if there is any substantial evidence to show that such conduct became operative. *Arkansas Fuel Oil Co.* v. *Scaletta,* 200 Ark. 645, 140 S. W. 2d 684.

Appellees rely on the case of *Ozan Lumber Co.* v. *Tidwell,* 210 Ark. 942, 198 S. W. 2d 182, in which the same

driver, Kirby, was involved in an auto-truck collision in 1945. The evidence in that case disclosed that Kirby was not operating under a written contract with appellant at the time of the collision and there were other circumstances, not proven in the instant case, which we held sufficient to support the jury's finding that the relationship of master and servant existed between appellant and Kirby. We there approved the general rule stated in 27 Am. Jur., Independent Contractors, § 60, p. 539, as follows: "If a contract providing for the performance of certain work is in writing and is unambiguous, its construction is generally a question solely for the court. But where a written contract has been modified by the practice under it, or one not a party to it asserts that it does not express the real relation of the parties and produces evidence tending to show that the relation is that of master and servant, the question whether an independent contractor relationship has been created is generally for the determination of the jury. Similarly, where the nature of the relation between employer and employee depends upon the meaning of a written instrument collaterally introduced in evidence, and the effect of such instrument depends, not only upon its construction, but also upon extrinsic facts and circumstances, the inferences of fact to be drawn from the instrument must be left to the jury."

The jury gave an affirmative answer to the following special interrogatory submitted by the court: "Do you find from a preponderance of the evidence in this case that defendant, Kirby, was an employee of defendant, Ozan Lumber Company, at the time complained of herein?" When the testimony in the instant case is considered in the light most favorable to appellees, we find no substantial evidence showing a modification of the written contract by the practice under it sufficient to support the verdict on this question. It follows that reversible error was committed by the trial court in submitting this issue to the jury.

Much of the testimony offered by appellees was directed to the proposition that appellant was negligent in

employing or contracting with Kirby knowing that he was a reckless, careless and negligent truck driver or operator. Appellant contends that, since the evidence discloses that C. M. Kirby was an independent contractor, it is not responsible for his acts and the trial court, therefore, erred in failing to instruct a verdict in appellant's favor. Cases are cited which declare the general rule to be that an employer is not responsible to third persons for the negligence of an independent contractor. One of the well recognized qualifications to this rule is that the employer must have used ordinary care to select a contractor of proper skill and prudence. Shearman & Redfield on Negligence (Rev. Ed), Vol. 1, § 174.

The rule is stated in 57 C. J. S., Master and Servant, § 592, as follows: "Although there is some authority to the contrary, it has generally been held that the duty rests on the employer to select a skilled and competent contractor, and the employer is liable to third persons for the negligent or wrongful acts of an independent contractor employed by him where he knew his character for negligence, recklessness, or incompetency at the time he employed him, or where the employer was negligent in failing to exercise reasonable care in the selection of a competent contractor. However, where the independent contractor is in fact a competent person to perform the work, it is of no consequence whether or not due care was used in the selection. The fact that a contractor is negligent in respect of the work in question raises no presumption that the employer was guilty of negligence in employing him." See, also, 27 Am. Jur., Independent Contractors, § 28; Blashfield's Cyclopedia of Automobile Law and Practice (Perm. Ed.), Vol. 5, p. 92.

In 44 A. L. R. 975, the Annotator says: "The authorities are entirely in accord with respect to the doctrine that, in cases involving the claims of third parties, a good cause of action against the principal employer is established by evidence which shows that he was negligent as regards the selection of the contractor whose misconduct occasioned the injury complained of." The authors of

Restatement of the Law, Torts, Vol. 2, § 411, state: "One who employs an independent contractor to (a) do work which involves risk of bodily harm unless it is skillfully and carefully done, or (b) perform a duty which the employer owes to third persons, is subject to liability for bodily harm caused by the failure to exercise reasonable care to employ a competent contractor." The following illustration is given in application of the rule at p. 1112:

"A, a builder, employs B, a teamster, to haul material from a nearby railway station to the place where A is building a house. A knows that B's trucks are old and in bad condition and that B habitually employs inexperienced and inattentive drivers. C is run over by a truck carrying A's material and driven by one of B's employees. A is liable to C if the accident is due either to the bad condition of the truck or the inexperience or inattention of the driver."

This exception to the general rule is recognized in our cases. In the recent case of *Rice* v. *Sheppard,* 205 Ark. 193, 168 S. W. 2d 198, we said: "It is a well settled rule in this state that where an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the employer, *if not negligent in selecting the contractor,* is not ordinarily liable for the wrongful acts or negligence of such contractor. *St. Louis, I. M. & S. Ry. Co.* v. *Gillihan,* 77 Ark. 551, 92 S. W. 793."

In the case of *Ellis & Lewis* v. *Warner,* 180 Ark. 53, 20 S. W. 2d 320, appellants contended that truck drivers employed by them to haul gravel were independent contractors, and the court said: "Even though the jury should find that this relationship did exist, still appellant might be held liable, if the jury should further find that appellants were negligent in employing Cooper as an independent contractor to do this work. He was only seventeen years old, was driving rapidly in loose rock over an important highway, which appellants knew—one much used by the public, and which the public had the right to use. The jury would or should take into consideration all the facts and circumstances in the case in

determining this question.'' So here, appellant would be liable if it negligently employed Kirby as an independent contractor knowing that he was a careless, reckless and incompetent truck driver or operator.

It is next insisted that the trial court erred in permitting witnesses to testify regarding previous specific acts of negligence on the part of Kirby. This evidence was objected to on the grounds that it was irrelevant, prejudicial and did not throw any light on the issues in the instant case. In overruling appellant's objection the trial court instructed the jury as follows: ''This testimony about a wreck that the defendant, Kirby, is alleged to have had before this one is not any evidence of negligence in this case, and will not be considered by you for that purpose. The plaintiffs allege that Kirby was not a competent operator or a careless operator of the truck and they allege that the defendant, Ozan Lumber Company, knew that. That is what the plaintiffs claim about it. Now, this evidence is on that point. This evidence which you are now hearing is to be considered by you only on the issue as to whether or not the defendant, Kirby, the driver of the truck, was a reckless and negligent driver of trucks and whether or not the defendant, Ozan Lumber Company, knew that and whether or not they were negligent in using him to drive a truck under those conditions. Now, this testimony of Mr. Tidwell about some other collision that he had wouldn't be any evidence of this man's negligence in this case. This is another matter altogether. It is only for the purpose that the court has told you that you would have the right to consider this evidence.''

Appellant says this evidence was inadmissible under our holding in *St. Louis, Iron Mountain & Southern Railroad Company* v. *Stroud*, 67 Ark. 112, 56 S. W. 870. That case involved an action for damages against the railroad company for an assault against the plaintiff by a watchman who was admittedly an employee of the company at the time of the alleged assault. The relationship of employer and independent contractor was not involved in the suit. In the original opinion it was held that proof

of the watchman's character as an incompetent, dangerous and malicious man, if admissible, could only be shown by evidence of his general reputation. On rehearing the court held that evidence of the watchman's character by proof of either specific acts or general reputation was incompetent for the reason that if he acted maliciously, violently and wrongfully, the railroad company was liable, regardless of the good or bad character of the watchman. The court said: ''In this case the question was, whether there was a specific wrong committed, and, if the proof showed there was, then, without regard to the character of Gallagher, the railroad company was liable, if at the time of the wrong, if any was done by Gallagher, he was acting within the scope of his employment.'' The opinion further pointed out that under the fellow servant rule then in vogue the master was not liable in an action by the servant for the negligence of a fellow servant unless guilty of negligence in the selection of the fellow servant and that the reputation of the latter for negligence was admissible in such cases.

In the instant case, if the relationship of employer and independent contractor existed between appellant and Kirby, the company is not liable to appellees unless it was negligent in selecting the contractor, Kirby, and his reputation as an incompetent, reckless and negligent truck driver or operator thus becomes a pertinent issue in the case. Whether such reputation may be shown by proof of specific acts of negligence or by evidence of general reputation, or both, are questions about which there is considerable division in the cases. A collection of authorities on the subject is found in Wigmore on Evidence (3rd Ed.), Vol. II, §§ 249 & 250. The rule now generally recognized is that, while proof of general reputation is preferable in that it avoids the tendency to confuse and protract the case by collateral inquiries, such reputation may also be shown by evidence of a series of specific acts of negligence closely related in character and point of time. We followed this rule in *Chaney* v. *Duncan*, 194 Ark. 1076, 110 S. W. 2d 21, and held that proof of general reputation as well as specific acts of

drunkenness and reckless driving of a son was admissible to establish the father's negligence in permitting the son to drive the father's automobile knowing the carelessness and recklessness of the son. Cases from other jurisdictions to the same effect are collected in 160 Ore. 621, 87 Pac. 2d 209, 120 A. L. R. 1298 to 1311.

Appellant also argues that previous acts of careless driving were inadmissible because the negligence here involved consisted of leaving the disabled truck on the highway and did not involve the "driving" of the vehicle. We do not agree with this contention. The trial court used the term "driver, or operator" in his instructions to the jury. We think previous acts of carelessness in driving a truck have probative value in determining the general negligent trait, and that it is not essential that the previous acts be identical with the one in question.

The excessiveness of the verdicts is also argued, but this question may not arise on another trial. For the error indicated the judgment against appellant is reversed; and since the cause does not appear to have been fully developed, it will be remanded for a new trial. It is so ordered.