FARRELL-COOPER LUMBER COMPANY *v.* MASON.

4-9116                                              227 S. W. 2d 445

Opinion delivered March 6, 1950.

*Sharp & Sharp,* for appellant.

*Jno. S. Gatewood,* for appellee.

Minor W. Millwee, Justice. Appellee, Earl L. Mason, sustained critical and permanent injuries on July 10, 1948, while unloading logs on the mill yard of Farrell-Cooper Lumber Company at Brinkley, Arkansas. His claim for compensation before the Arkansas Workmen's Compensation Commission was controverted by the lumber company and its insurance carrier, Consolidated Underwriters, on the ground that appellee was an independent contractor and not an employee of the lumber company at the time of injury. Hearings before a single commissioner and the full commission resulted in a finding that appellee was an employee of the lumber company and the allowance of his claim for medical and compensation benefits. On appeal to circuit court the award of the commission was affirmed. The lumber company and its insurer have appealed.

Under our decisions, the commission's finding that the relationship of employer and employee existed between the lumber company and appellee at the time of the injury must be sustained, if supported by substantial evidence.

Appellee is 27 years of age and has a sixth grade education. He was engaged in buying and selling logs to Farrell-Cooper Lumber Co. and other mills for about three years prior to April, 1948. He owned a truck, tractor, loader and cutting implements used in logging operations and maintained his own crew. In April, 1948, appellee entered into an oral agreement to cut and haul timber for Farrell-Cooper Lumber Co. for which he was to be paid by the thousand feet. Two tracts of timber owned by the company were cut and hauled under this agreement and appellee and his crew were working on a third tract in Prairie County known as the "DeValls Bluff job" at the time of his injury.

Although appellee was paid by the thousand feet, he was required to turn in a payroll to the lumber com-

pany every two weeks showing the rate of pay and hours worked by himself and each member of his crew. He testified that the company had a woods foreman on the first tract who supervised the cutting and directed him as to dimensions and different places to haul and unload the logs; that some logs were culled for which he received no pay; that he increased the number of his crew several times at the direction of representatives of the company; that the company loaned him $1,000 to purchase a second truck which representatives of the company suggested that he buy; that the company advanced money to him and members of his crew from time to time; arranged and paid for their gasoline accounts and paid appellee's board. The company kept records of such advances which, with payments on the $1,000 loan, were deducted each two-weeks period when the company settled with appellee who in turn paid the members of his crew according to the record kept by the company. There was also evidence that the company had the right to discharge appellee at will and that he could terminate the contract any time he chose to do so.

The following statement from the opinion of the commission reflects the manner of handling the payment of social security and unemployment insurance taxes and workmen's compensation and public liability insurance on appellee and members of his crew: "By arrangement with the Farrell-Cooper Lumber Company a payroll record was turned in to their office by Mason every two weeks, showing the number of hours worked by each member of Mason's crew on each of the days within the two weeks' period, and the hourly rate of pay. Earl Mason's name appeared on this same payroll and opposite his name was set out an hourly rate of pay of sixty or seventy cents, and the number of hours he worked on each day within the two weeks' period. From this information the respondent, Farrell-Cooper Lumber Company, figured the wage due each crew member, and Mason, from which they deducted Social Security and Unemployment Insurance taxes, and remitted these taxes to the offices where

the taxes were payable. From the same record the respondent, Farrell-Cooper Lumber Company, deducted $7.392 from each $100 of the gross payroll for Workmen's Compensation and Public Liability Insurance. After calculating the amount of logs hauled by Earl Mason and his crew during the two weeks' period, a check was given to Mason for the amount of logs hauled at the agreed amount per thousand feet, from which was deducted the Social Security and Unemployment Insurance taxes and the premium on Workmen's Compensation and Public Liability bought by the truck drivers and charged to and paid for by the Farrell-Cooper Lumber Company. From the net check received by Mason he paid his crew members in accordance with a copy of the payroll sent back to him. This was the arrangement from the time Mason began hauling logs at so much per thousand in April, 1948, and continued through to the time of Mason's injury on July 10, 1948, and for a few days afterwards until the job was completed, upon which he was working at the time of his injury.''

A representative of the lumber company testified that remittances from the company to the insurance carrier for compensation insurance showed that appellee and members of his crew were carried along with and remitted for like the company's other payroll of employees and under the same policy of insurance; that the company promptly notified the insurance carrier of appellee's injury; and that payment had been made for his compensation insurance. One member of appellee's crew was injured prior to July 10, 1948, and this was reported to the insurance carrier and compensation benefits were paid.

We have said that no hard and fast rule can be formulated to determine in every case whether a workman is an employee or an independent contractor and that each case must be governed by its own peculiar facts. We have also held that in determining whether a workman is an employee or an independent contractor the compensation act is to be given a liberal construction in his favor and any doubt is to be resolved in

favor of his status as an employee. *Irvan* v. *Bounds,* 205 Ark. 752, 170 S. W. 2d 674; *Parker Stave Company* v. *Hines,* 209 Ark. 438, 190 S. W. 2d 620. In the Irvan case, the court also held: "The power of an employer to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor and is a strong circumstance tending to show the subserviency of the employee."

Evidence that an employer pays workmen's compensation or liability insurance on a workman is a circumstance to be considered in determining whether said workman is an employee and thus subject to the employer's right and power to control. *Delamar & Allison* v. *Ward,* 184 Ark. 182, 41 S. W. 2d 760; *Ozan Lumber Co.* v. *McNeely,* 214 Ark. 657, 217 S. W. 2d 341, 8 A. L. R. 2d 261.

The case of Parker Stave Company v. Hines, *supra,* involved facts similar in part to those in the instant case. We there said: "The fact that appellee was paid by the thousand and furnished his own truck tends to indicate that he was an independent contractor. On the other hand, the fact that the employment was to run for no specified time, and the further fact that the stave company could terminate the relation at any time, without liability, are features which indicate that appellee was an employee."

We are asked to determine whether the fact that the lumber company paid the insurer a premium for workmen's compensation insurance on appellee and his crew changed appellee's status from that of an independent contractor to an employee. To make such finding we would have to ignore other evidence before the commission which tends to indicate the employer-employee relationship and which the commission had a right to consider in making its findings. Evidence that the lumber company could discharge appellee at will; that the company required him to increase the number of his crew from time to time; paid social security and unemployment insurance taxes and liability

insurance on appellee and his men; and the manner in which the company made loans and advances to appellee and members of his crew—these were all facts which the commission had a right to consider in determining the relationship. In our opinion there was sufficient evidence to sustain a finding that the company reserved and exercised a degree of control over the work of appellee consistent with his status as an employee.

The judgment is, therefore, affirmed.