Smith *v.* West Lake Quarry & Material Co.

5-1958                                                  329 S. W. 2d 167

Opinion delivered November 30, 1959.

*Bryan & Fitzhugh,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a Workmen's Compensation case; and the sole question is whether the Commission was correct in finding that appellant, Smith, was an independent contractor and not an employee of the appellee, West Lake Quarry & Material Company, Inc. (hereinafter called "West Lake").

West Lake was furnishing crushed rock to a prime contractor for use on a river bank stabilization project, approved and supervised by the United States Corps of Engineers. Appellant Smith furnished his own truck, gas, oil, and maintenance, and was paid 55¢ per ton for hauling the crushed rock from the quarry to the river bank. Smith alone determined when he started to work and stopped, how many loads he hauled, and the regularity of the hauling.[1] West Lake only paid him for the rock hauled. While Smith was so engaged, his truck failed to operate as he desired, and he undertook to make repairs. The truck rolled back and seriously injured Smith's right arm, and he filed claim against West Lake under the Workmen's Compensation Act. West Lake resisted the claim, contending that Smith was an independent contractor and not an employee. The Commis-

---

[1] Smith testified:

"Q. But your deal was fifty-five cents a ton?

A. That's right.

Q. Now this matter of showing on your payroll record so much an hour for regular time work and so much an hour for overtime work, that was not in addition to your fifty-five cents a ton?

A. No.

Q. In other words, all you made was fifty-five cents a ton?

A. That's right.

Q. And the way they would pay you is, they would show so many hours work as regular time and overtime and then whatever that lacked of making up fifty-five cents a ton on your tonnage haul, they would pay you the difference, so that you actually made fifty-five cents a ton?

A. Yes, sir . . .

Q. For the fifty-five cents a ton you furnished your own truck and kept it up?

A. Yes."

sion denied compensation, the Circuit Court affirmed, and Smith has appealed, urging here four points, being:

I. The undisputed proof shows that Smith was an employee and not an independent contractor at the time he was injured.

II. West Lake Quarry construed its contract with Smith as being one of an employer-employee relationship and it is bound by this construction.

III. By deducting withholding and social security taxes and paying unemployment compensation on behalf of Smith, West Lake Quarry is estopped to deny this claim of Smith as an employee.

IV. The denial of the award by the Workmen's Compensation Commission is based on hearsay evidence and this Court should remand this case with direction to the Commission to enter an award to the Appellant.

We consider these points together. The determination of the relationship—that is, whether independent contractor or employee—is ordinarily a question to be determined by the Commission from the facts elicited; but in the case at bar appellant claims that there were certain salient facts which required the Commission to reach the conclusion that Smith was an *employee,* rather than an independent contractor. These facts were that West Lake: (a) withheld Federal income tax on Smith's pay and made remittance to the Government; (b) made social security deductions from Smith's pay and paid the Government as though Smith were an employee; and also (c) paid unemployment tax on Smith as an employee. Smith contends that these three factors conclusively establish that West Lake treated him as an employee, that West Lake was estopped to deny such relationship, and that the Commission erred in failing to hold that Smith was an employee.

West Lake's explanation of these three tax matters was: that the rock was being furnished for use in a river bank stabilization project approved and supervised by the United States Corps of Engineers; that the prime contractor and West Lake both understood that the Fed-

eral law, known as the Davis-Bacon Act (U. S. C. A. Title 40 § 276(a) *et seq.*),[2] required that all persons working, in any way in connection with the project, receive minimum pay of $1.05 per hour for all time worked; and that West Lake figured the number of hours that Smith worked at $1.05 per hour and on that basis made the withholding tax reports and paid the social security and unemployment taxes. But West Lake contended that with these bookkeeping matters completed, West Lake then paid Smith any and all additional amounts to equal his contract price of 55¢ per ton for all crushed rock he hauled; and that each load was weighed, and Smith kept the record of his weight loads.

The Workmen's Compensation Commission stated in its opinion:

"The reason for withholding taxes has been satisfactorily explained to this Commission in the testimony adduced on behalf of respondents. That testimony is to the effect, that the mode of payment was dictated by the U. S. Corps of Engineers in accordance with the Davis-Bacon Act. We thus believe that the Referee[3] correctly found claimant herein to be an independent contractor, . . ."

Appellant insists that the withholding, social security, and unemployment tax matters are, in themselves, conclusive evidence that Smith was an employee of West Lake, and that West Lake is estopped to claim otherwise. Appellant cites these cases to sustain his contention: *Carter* v. *Hodges,* 175 Tenn. 96, 132 S. W. 2d 211; *Employers' Liability Assurance Corp.* v. *Warren,* 172 Tenn. 403,

[2] This Act provides in part: ". . . every contract . . . shall contain a stipulation that the contractor or his subcontractor shall pay all mechanics and laborers . . . the full amounts accrued at the time of payment, computed at wage rates not less than those stated in the advertised specifications, regardless of any contractual relationship which may be alleged to exist between the contractor or subcontractor and such laborers and mechanics . . ."

[3] The Referee stated in his opinion: "The status of the various pay checks, withholding and social security payments by the respondent employer—has been explained satisfactorily to this Referee, and it appears that same was figured in this matter for the purpose of satisfying the Corps of Engineers and to keep some semblance of records, but that the sole basis of pay was 55¢ per ton for rock hauled."

112 S. W. 2d 837; *Nash* v. *Meguschar* (*Ind. App.*), 89 N. E. 2d 227; and *Scott* v. *Rhyan,* 78 Ariz., 80, 275 P. 2d 891. A study of these cases convinces us that they do not hold that such tax deductions *conclusively* establish an employer-employee relationship, irrespective of all other evidence. These cases use the fact of tax deductions or insurance payments to corroborate other evidence as to the employer-employee relationship. In short, the tax deductions or the insurance payments are circumstances to be considered along with all the other circumstances in the case in looking at the relationship.

In *Ozan Lbr. Co.* v. *McNeely,* 214 Ark. 657, 217 S. W. 2d 341, we said that the payment of workmen's compensation insurance on the worker would be "relevant as a circumstance" in determining whether the relationship was employee or independent contractor. In *Farrell-Cooper Lbr. Co.* v. *Mason,* 216 Ark. 797, 227 S. W. 2d 445, we said: "Evidence that an employer pays workmen's compensation or liability insurance on a workman is a *circumstance to be considered in determining whether said workman is an employee* and thus subject to the employer's right and power to control.[4] (Emphasis supplied.) All the authorities that we have been able to find support the statement contained in Larson on Workmen's Compensation Law, § 46.40, that such tax deductions and/or insurance payments are "a factor to be given weight",[5] but are not determinative or conclusive on the issue. To the same effect, see 99 C. J. S. p. 351, "Workmen's Compensation" § 104.

The Commission found that the withholding and the tax payments were satisfactorily explained in the case at bar, and we cannot say that there is an absence of substantial evidence to support such finding. With the with-

---

[4] In 85 A.L.R. p. 784 there is an annotation entitled: "Insurance as bearing on question whether one is an employee or independent contractor". We do not have a statute in Arkansas similar to the Oklahoma statute considered in *National Bank of Tulsa Bldg.* v. *Goldsmith,* 226 P. 2d 916.

[5] In the supplement to the text the following additional cases are cited: *Peck* v. *Adams,* 219 Ark. 540, 243 S. W. 2d 562; *Bituminous Cas. Corp.* v. *Johnson* (Ky.) 259 S. W. 2d 448; *Wilson* v. *Swing* (Ida.), 230 P. 2d 995; and *Commission of Finance* v. *Industrial Commission* (Utah), 239 P. 2d 185.

holding and the tax payments as only "circumstances to be considered", it is clear that a fact question was made as to whether Smith was an independent contractor or an employee; and the Commission's decision on that fact question has ample evidence to sustain it within the purview of our cases, some of which are: *Parker Stave Co.* v. *Hines,* 209 Ark. 438, 190 S. W. 2d 620; *Wren* v. *D. F. Jones Const. Co.,* 210 Ark. 40, 194 S. W. 2d 896; *Farrell-Cooper Lbr. Co.* v. *Mason,* 216 Ark. 797, 227 S. W. 2d 445; and *Massey* v. *Poteau Trucking Co.,* 221 Ark. 589, 254 S. W. 2d 959.

Affirmed.