Roy **STILLMAN**, Appellant,

v.

**JIM WALTER CORPORATION et al.,**
Appellees.

No. 5–3026.

Supreme Court of Arkansas.

June 3, 1963.

McMath, Leatherman, Woods & Youngdahl and John P. Sizemore, Little Rock, for appellant.

Wright, Lindsey, Jennings, Lester & Shults, Little Rock, for appellees.

ROBINSON, Justice.

On August 13, 1959, appellant, Roy Stillman, and appellee, Jim Walter Corporation, entered into a written contract, Jim Walter Corporation being designated as "contractor" and appellant, Roy Stillman, designated as "sub-contractor", whereby the Jim Walter Corporation engaged Stillman to build houses for a specified consideration, the amount of the consideration depending on the type of house constructed. Stillman was to furnish only the labor.

Item 5 of the contract provides: "Sub-Contractor shall furnish Contractor a Certificate of Workmen's Compensation coverage on Sub-Contractor and all employees of Sub-Contractor or, in the absence of such Certificate, all payments hereunder shall be subject to a 3% deduction and Contractor will furnish such Workmen's Compensation coverage."

Subsequently, Stillman was injured on the job. His medical expenses were paid by the insurance carrier, but when it was determined that he needed an operation due to the condition of his back, no further payments were made. Stillman filed a claim with the Workmen's Compensation Commission. The matter was heard and the Commission denied compensation on the ground that under the terms of the contract of employment Stillman was an independent contractor, not an employee, and therefore he could not collect under the workmen's compensation law for his injury. The Commission never reached the issue of whether the claimant was injured in the course of his employment, nor the extent of his injuries.

The parties had entered into a valid agreement whereby for the consideration of 3% of the contract price payable to Stillman for building the houses, Walter agreed to furnish workmen's compensation coverage for Stillman and his employees. With Stillman's consent, the 3% was deducted and the coverage furnished. If Stillman had suffered the loss of a leg, or other very serious injury through the negligence of agents or servants of the Jim Walter Corporation, the employer or insurance carrier could have claimed that recovery could be had only according to the terms of the workmen's compensation law; that Stillman was estopped to contend otherwise.

Regardless of whether Stillman was, in fact, an independent contractor or an employee, under the facts in this case, the Jim Walter Corporation is estopped to say that he is not entitled to workmen's compensation. Carpenter v. Madden, La.App., 90 So.2d 508 (1956). And in Garner v. Southern Pulpwood Ins. Co., La.App., 149 So.2d 157 (1963), the court pointed out that in the Carpenter case the employer was bound to furnish workmen's compensation coverage because he had obligated himself to do so, and had collected money purportedly to pay for compensation insurance. That is the exact situation in the case at bar.

Here, after the injury occurred, the employer and the insurance carrier attempted to rescind the coverage. Ark.Stat.Ann. § 81–1305 (Repl.1960) provides: " * * * The primary obligation to pay compensation is upon the employer and the procurement of a policy of insurance by an employer to cover the obligation in respect to this act shall not relieve him of such obligation." The contract to furnish insurance was between the Jim Walter Corporation and Stillman. The Corporation was

bound by its contract, and had no right to repudiate its obligation regardless of the attitude of the insurance carrier. It was the employer's contract, not the insurance company's.

In support of its position that the employer is not estopped to deny liability for workmen's compensation, appellee cites Smith v. West Lake Quarry & Material Co., 231 Ark. 294, 329 S.W.2d 167. We did touch on the question to some extent in that case; however, there, the employer made no deduction from the worker's earnings for workmen's compensation; there was no contract to furnish workmen's compensation, and apparently no insurance coverage was provided. In the cases of Farrell-Cooper Lumber Co. v. Mason, 216 Ark. 797, 227 S.W.2d 445, and Ozan Lumber Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341, 8 A.L.R.2d 261, we said that the fact that workmen's compensation coverage was provided could be considered in determining whether an employer-employee relationship existed. The cases did not turn on the question of estoppel. And, it was specifically pointed out in the Ozan Lumber Company case that in the circumstances of that case it was not necessary to decide whether the procurement of insurance in itself was sufficient to establish the relationship of master and servant. There, the court said: "[I]t is unnecessary to decide whether the procurement of such insurance [workmen's compensation insurance] is sufficient in itself to establish the relationship of master and servant."

In view of the written contract, supported by a valuable consideration which was paid, obligating appellee to furnish workmen's compensation coverage on Stillman and the other workers, we do not reach the question of whether the mere deduction of the 3%, plus the actual procurement of coverage by the employer, estopped the Jim Walter Corporation from denying that Stillman and the other men working with him were employees. In recent years, however, several courts have dealt with the proposition of whether the payment of an insurance premium for coverage under the workmen's compensation law on a particular person estops the employer and insurance carrier from denying that such person on whom the insurance is paid is an employee. The weight of authority appears to be that in circumstances of that kind, the doctrine of estoppel is applicable. Hall v. Spurlock, Ky., 310 S.W.2d 259; Ham v. Mullins Lumber Co., 193 S.C. 66, 7 S.E.2d 712; Nash v. Meguschar, Ind.App., 89 N.E.2d 227; Herndon v. Slayton, 263 Ala. 677, 83 So. 2d 726; Hano v. Kinchen, La.App., 122 So.2d 889; Southern Underwriters v. Jones, Tex.Civ.App., 125 S.W.2d 393; Smith Coal Co. v. Feltner, Ky., 260 S.W.2d 398.

Reversed and remanded for the determination of the questions of whether Stillman was injured in the course of his employment, and, if so, the extent of his injuries.