HUGHES *v.* HOOKER BROS.

5-3167                                    374 S. W. 2d 355

Opinion delivered January 20, 1964.

*Griffin Smith,* for appellant.

*William R. Butler,* for appellee.

FRANK HOLT, Associate Justice. The appellants brought this action seeking an accounting and a declaratory judgment. They sought to recover deductions made by appellee from appellants' earnings for Workmen's Compensation Insurance coverage. In dismissing the action the Chancery Court rendered a decree finding that the appellants were independent contractors and that they

had elected, by written contract, to contribute the disputed deductions as their pro rata share of premiums for a policy of Workmen's Compensation Insurance. From that decree appellants bring this appeal.

It is appellants' contention that the only issue is whether "the deduction of sums from wages for defraying the cost of compensation coverage for the person from whom the deduction has been made creates, as a matter of law, the relationship of employer-employee, regardless of any other factor."

In support thereof appellants invoke Ark. Stat. Ann. § 81-1305 (Repl. 1960) which requires every employer to secure compensation insurance for his employees and § 81-1320 which provides that no agreement is valid that requires an employee to pay any portion of the insurance cost. Therefore, such agreed insurance deductions are by operation of law illegal and should be refunded.

In the case at bar the appellants are truckers who signed a written agreement with the appellee to haul rocks from the quarry to the job site at $2.35 per ton, furnish their own trucks, gas, oil, maintenance, and auto insurance. The contract specifically provided that the appellants were independent contractors and that the appellee had no control over their hauling activities. The contract further provided that the appellee would carry a policy of Workmen's Compensation Insurance for the benefit of appellants and that sufficient deductions would be made from appellants' earnings to pay their pro rata share of the cost thereof. The appellants admit for the purpose of this appeal that if one item in the contract—the Workmen's Compensation Insurance deduction—were omitted, the contract would, in fact, establish an independent contractor relationship.

The appellants aver that the Chancellor erroneously took the position that they "must prove by evidence that they were employees." We agree with the Chancellor. The burden of proof is upon the claimant to prove that he is an employee and acting within the scope of his employment in order to bring himself within the pro-

visions of the Workmen's Compensation Act. *Farmer* v. *L. H. Knight Co.,* 220 Ark. 333, 248 S. W. 2d 111. Also, a tax deduction or the payment of Workmen's Compensation Insurance on a workman by the employer may be considered in determining the status of employer-employee. *Smith* v. *West Lake Quarry & Material Co.,* 231 Ark. 294, 329 S. W. 2d 167; *Farrell-Cooper Lbr. Co.,* v. *Mason,* 216 Ark. 797, 227 S. W. 2d 444, and *Ozan Lumber Co.,* v. *McNeely,* 214 Ark. 657, 217 S. W. 2d 341. But here it cannot be said that the appellants proved themselves to be employees by a preponderance of the evidence.

The appellants further contend that the agreed deductions from their earnings for Workmen's Compensation Insurance Coverage estop the appellee from denying an employer-employee relationship. In support of this contention the appellants rely upon our recent case of *Stillman* v. *Jim Walter Corp.,* 236 Ark. 808, 368 S. W. 2d 270, where agreed deductions were made for the payment of Workmen's Compensation Insurance. There the employer asserted as a defense to a workman's claim for benefits that an independent contractor status existed and, therefore, the claimant could not recover because he was not an employee. The case did not turn on the doctrine of estoppel as we found it unnecessary to reach that question. We held that since the appellee had contracted to furnish insurance coverage to the appellant, the appellee was bound by its contractual obligation and had no right to repudiate it regardless of the attitude of the insurance carrier. In the case at bar it is admitted that in at least one instance benefits were paid under this policy. If the benefits had been denied then the contractual obligation, as in the *Stillman* case, would be enforceable.

The Workman's Compensation Act is designed for the benefit of the employer-employee relationship. It places a mandatory duty upon the employer to comply with it to insure the security of the employee. However, this Act does not prohibit employers and independent contractors from securing, by agreement, Workmen's Compensation Insurance. We think it is desirable and

implements the policy and purpose of the humanitarian objectives of the Act. Such offends neither the spirit nor the letter of the law.

The decree is affirmed.