Marceline PEARSON, widow of Robert Olen Pearson, deceased et al v. LAKE LAWRENCE PULPWOOD CO. and AMERICAN MUTUAL LIABILITY INS. CO.

5-5039                                    447 S. W. 2d 661

Opinion delivered December 8, 1969

*Donald Poe,* for appellants.

*Smith, Williams, Friday & Bowen;* By: *William H. Sutton* and *Frederick S. Ursery,* for appellees.

Frank Holt, Justice. The appellants, the widow and dependent children of Robert Olen Pearson, are claimants for workmen's compensation benefits. The referee and the full commission found that the decedent was not an employee of appellee Lake Lawrence Pulpwood Company and denied compensation. The circuit court affirmed the commission's action.

On appeal appellants first contend that the decedent was an employee of the appellee pulpwood company. Although we are committed to the well established rule that we liberally construe the provisions of the Workmen's Compensation Act in favor of the workman, we must accord to the findings of the commission the verity of a jury verdict and affirm where there is any substantial evidence to support its action. *Herman Wilson Lbr. Co., et al* v. *Lester Hughes,* 245 Ark. 168, 431 S. W 2d 487 (1968); *McCollum* v. *Rogers,* 238 Ark. 499, 382 S. W. 2d 892 (1964). In applying this rule to the facts of this case, we cannot agree with the appellants.

In the case at bar the appellants' decedent was a pulpwood hauler or "producer." He purchased uncut timber with his own money and employed and paid with his own funds his helpers who cut the timber and assisted him. He owned and maintained his equipment which consisted chiefly of his truck and power saw. He was paid a verbally agreed sum of money for each cord whenever he cut, loaded and hauled pulpwood to the appellee's place of business. Decedent was fatally injured when his loaded truck left the highway en route to the unloading site. He had hauled pulpwood for the appellee for several years. He was not a "steady hauler" since he sometimes hauled for others. It appears that the method of cutting, loading and hauling of the logs was within the control and discretion of the decedent. Nor does it appear that appellee employer was ever present at a site where the cutting, loading and hauling of the pulpwood were being done. In these circumstances there was substantial evidence to support the commission's denial of compensation on the basis that the decedent was not an employee of the appellee pulpwood company. *West* v. *Lake Lawrence Pulpwood Co.,* 233 Ark. 629, 346 S. W. 2d 460 (1961).

The appellants next assert that even though the decedent is said not to be an employee, he was nevertheless covered by workmen's compensation insurance by

a contractual agreement between the parties. Further, that if the appellee pulpwood company was not responsible as an employer, then the insurance carrier was directly responsible. The appellee pulpwood company's workmen's compensation policy provided coverage to employees for its logging operations and used a payroll method for premium computation purposes. Even if we were to consider as competent the evidence adduced by the appellants that decedent understood that deductions were made from his pay and that insurance coverage was provided him by appellee pulpwood company, we must affirm the commission's findings since this issue was disputed by substantial evidence. The appellee pulpwood company's owners, Lake and Bill Lawrence, testified there definitely was no deduction from decedent's payments for insurance coverage or any other purpose and the haulers or "producers" were told they were not individually covered by workmen's compensation insurance. This was corroborated by other haulers or "producers."

Typical of the cases relied upon by appellants is *Hollingsworth & Frazier* v. *Barnett,* 226 Ark. 54 287 S. W. 2d 888 (1956). There Frazier daily supervised and controlled the work of the skidders and haulers and said he considered them his employees. The commission awarded compensation and we affirmed on the basis there was substantial evidence to support the finding of the commission. Also cited is *Hale* v. *Mansfield Lbr. Co.,* 237 Ark. 854, 376 S. W. 2d 670 (1964). There Hale's contract provided for the payment of his workmen's compensation insurance premium by Mansfield. We do not agree with appellants that these cases are controlling in the case at bar.

Appellants contend that the appellees are estopped to deny compensation to appellants. Again the appellants argue that the appellee pulpwood company made deductions from decedent's payments and that the appellee insurance carrier received these deductions as

premiums based upon the quantity of pulpwood hauled by decedent. As we have indicated, this was disputed by competent evidence. Also, there was evidence by the appellee pulpwood company that the workmen's compensation premiums on its policy were "computed under a three year retrospective rating plan" and that "this did not include wood being processed by Robert Pearson," and that "there were no insurance premiums computed on any basis for any labor performed in the production of this pulpwood" by Robert Pearson, the decedent.

The appellants further argue that the appellees should be estopped because in 1959 they paid compensation benefits to the decedent as the result of an injury. It appears that benefits were paid to an Olen Pearson in 1959 when he was injured as an employee of a Clifford Brewer and the appellee pulpwood company. Appellees denied that, if this was the decedent, he was ever paid any benefits as a pulpwood hauler. Appellants rely upon *Stillman* v. *Jim Walter Corp.*, 236 Ark. 808, 368 S. W. 2d 270 (1963). We cannot agree. In that case we said estoppel should apply because there was an undisputed contractual agreement that workmen's compensation would be furnished to the claimant. As we said in *Herman Wilson Lbr. Co.* v. *Hughes*, 245 Ark. 168, 431 S. W. 2d 487 (1968), "* * * The question is not whether the testimony would have supported a finding contrary to the one made, but whether it supports the finding which was made." Since there is substantial evidence to support the findings of the commission, we must affirm its action and the circuit court's approval.

Affirmed.