The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on several questions concerning Act 796, the new workers' compensation act. Your questions will be restated below and answered in the order posed.
Your first question is as follows:
 Are sales associates for a real estate company that work primarily for one broker, as required by the Arkansas Real Estate Commission, but can work for multiple brokers, independent contractors and exempt from workers' compensation coverage?
This question is not specifically covered by Act 796 of 1993. I have attached, however, a copy of Op. Att'y. Gen. No. 91-056, which answers a similar question. That opinion analyzes whether real estate brokers and sales persons are "employees" for purposes of workers' compensation coverage under prior law.[1] The opinion concludes that the question of whether a particular broker or salesperson is an "employee" and therefore covered by workers' compensation is one of fact to be determined on a case-by-case basis. It appears that this state of the law has not changed with the adoption of Act 796.
Your second question is as follows:
 If an employer does not provide workers' compensation insurance for its independent contractors, would the employer be liable for the $10,000.00 fine for failing to obtain worker's compensation insurance if the independent contractor is later deemed to be an employee by the workers' compensation commission?
I assume this question refers to Section 11 of the act, which amends A.C.A. § 11-9-406 to provide as follows:
Failure to secure payment of compensation — Penalty.
 (a) Any employer required to secure the payment of compensation under this chapter who fails to secure compensation shall be subject to a fine of up to ten thousand dollars ($10,000) as determined by Workers' Compensation Commission payable to the Death and Permanent Total Disability Trust Fund or be guilty of a Class D felony. . . .
The section then provides for the commission to serve a proposed order upon the employer declaring the employer to be in violation of the section and stating any amount of civil penalty to be assessed. A.C.A. § 11-9-406(b)(1). The employer may request a hearing on the matter. A.C.A. § 11-9-406(b)(2).
In response to your question, the section above does not specifically refer to cases in which the employment status of individuals is, at least initially, uncertain. The section provides only that any employer "required to secure the payment of compensation . . . who fails to secure compensation shall be subject to a fine. . . ." This language, in my opinion, is broad enough to cover the facts you describe. The Workers' Compensation Commission, however, which is charged with the responsibility of administering this provision, will of course have some discretion in determining violations and setting the applicable fine, which may not exceed ten thousand dollars.
Your third question is as follows:
 If a contractor obtains a completed certification of non-coverage under the Workers' Compensation Act from the independent contractor, is that prima facie evidence that the individual is an independent contractor and not an employee? If it is not prima facie proof, would it be persuasive evidence that the parties intended for the sales associate to be considered an independent contractor rather than an employee?
"Certificates of Non-Coverage" are discussed both in Section 2 of the act (A.C.A. § 11-9-102(10) in the definition of an "employee"), and in Section 10 of the Act which amends A.C.A. §11-9-402(c)(1). A portion of the former states that "it is to be understood that any sole proprietor or partner of a partnership
who desires not to be included in the definition of employee may file for and receive a `Certification of Non-Coverage Under the Workers' Compensation Act' from the commission and thereafter, or until he or they elect(s) otherwise, be conclusively presumed
not to be an `employee' for purposes of the act." (Emphasis added.) This section authorizes only sole proprietors or partners of a partnership to file the "Certificates of Non-Coverage." In such cases, these parties will be "conclusively presumed" not to be employees. It does not appear to authorize an independent contractor (in your example, a real estate associate) to file such a certificate, unless the associate is a "sole proprietor" or a partner in a partnership, and is electing not to cover himself.
Section 10 of Act 796, which amends A.C.A. § 11-9-402 (c)(1) also speaks of this "Certificate of Non-Coverage" as follows:
 When a sole proprietorship or partnership fails to elect to cover the sole proprietor or partners under this chapter, the prime contractor is not liable under this chapter for injuries sustained by the sole proprietor or partners if the sole proprietor or partners are not employees of the prime contractor. A sole proprietor or the partners of a partnership who do not elect to be covered by the Workers' Compensation Law and be deemed `employees' thereunder and who deliver to the prime contractor a `Certificate of Non-Coverage' issued by the Workers' Compensation Commission shall be conclusively presumed not to be covered by the law or to be `employees' of the prime contractor. . . .
This section applies only to "contractors," and in my opinion would be inapplicable to real estate associates.
Your fourth question is as follows:
 If a real estate company decides to offer the option of allowing its sales associates, who are independent contractors, to pay their own insurance costs and join the company workers' compensation insurance program and the independent contractors are later determined to be employees of the real estate company, would the employer be guilty of a Class D felony under Arkansas Code Annotated 11-9-109?
Section 11-9-109, as amended by Section 7 of Act 796 provides as follows:
 (a) No agreement by an employee to pay any portion of the premium paid by his employer to a carrier or to contribute to a safety program as provided under Section 13 of this act, a benefit fund or department maintained by the employer for the purpose of providing compensation or medical services and supplies as required by the chapter shall be valid.
 (b) Any employer who makes a deduction for those purposes from the pay of any employee entitled to the benefits of this chapter shall be guilty of a Class D felony.
Although the workers' compensation act does not prohibit, at least under prior law, employers and independent contractors from securing, by agreement, workers' compensation insurance, (Hughesv. Hooker Bros., 237 Ark. 544, 374 S.W.2d 355 (1964), it appears that if indeed the "independent contractor" is an employee entitled to workers' compensation coverage, and the employer makes a deduction from the pay of the employee for this coverage, the employer would be subject to prosecution under subsection (b) above.
Your fifth question is as follows:
 If a real estate association wishes to offer a workers' compensation policy to its members similar to how it offers health insurance policies to its members, would that be possible in light of Arkansas Code Annotated 11-9-408?
Section 12 of Act 796 amends A.C.A. § 11-9-408 to detail the required contents of insurance policies under the chapter, to set out requirements as to the cancellation of policies, and to prohibit "split coverage" where some employees are covered by one carrier and other employees are insured by another. Although I am not entirely certain, I assume that it is this last prohibition which gives rise to your question. In any event, the answer to your question may depend upon exactly how the association offers "health insurance policies to its members." This question is therefore too fact specific to be answered in the abstract in an Attorney General's Opinion.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The definition of "employee" has not changed with the adoption of Act 796. The term "employee" is defined as meaning "any person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied; but excluding one whose employment is casual and not in the course of the trade, business, profession or occupation of his employer. . . ." See A.C.A. § 11-9-102(10) and Act 796, Section 2.