BENEFIELD REAL ESTATE, Employer;
SOUTHERN FARM BUREAU CASUALTY,
INC. Insurance Carrier *v.* Roger MITCHELL

CA 80-13                                               599 S.W. 2d 445

Court of Appeals of Arkansas
Opinion delivered May 14, 1980
Released for publication June 4, 1980

*Barrett, Wheatley, Smith & Deacon*, for appellants.

*Howard & Howard*, for appellee.

JAMES H. PILKINTON, Judge. This is a workers' compensation case. The principal issue is whether claimant, Roger Mitchell, was an employee of Roger Mitchell and Son Contractors, Inc., within the meaning of Section 6 of the Arkansas Workers' Compensation Act [Ark. Stat. Ann. § 81-1306 (Repl. 1976) ] and therefore entitled to benefits against the general contractor, Benefield Real Estate Company and its workers' compensation insurer, Southern Farm Bureau Casualty, Inc.

Claimant contended before the Workers' Compensation Commission that he sustained a compensable injury on May 18, 1978, and was entitled to temporary total disability benefits, medical benefits, and controverted attorneys' fees. It was claimant's contention that the healing period had not ended, and the issue of permanent disability should be reserved for a later determination.

The respondents contended below that the claim was non-compensable because the claimant was a subcontractor at the time of the injury and was not an employee of Benefield Real Estate as provided in Section 6 of the Workers' Compensation Act.

It is undisputed that claimant was injured on May 18, 1978, when the front wall of a building on which he was doing work as a carpenter collapsed, and the trusses fell on him injuring his ribs, hips and lungs. At the time of the injury the claimant was working on a contract that he had negotiated on behalf of Roger Mitchell and Son Contractors, Inc., a corporation, with Benefield Real Estate, one of the respondents. Roger Mitchell and Son Contractors, Inc., did not carry workers' compensation insurance and had not qualified as a self-insurer. The claimant, Roger Mitchell, was president of Roger Mitchell and Son Contractors, Inc. In addition to the claimant, three other employees were working in the crew for Roger Mitchell and Son Contractors, Inc., at the time of the accident.

The Administrative Law Judge held that the relationship of employee-employer-carrier existed among the parties; that the claimant sustained an injury on May 18, 1978, arising out of and in the course of his employment, and claimant was temporarily totally disabled for the period beginning May 19, 1978, and continuing through March 20, 1979; and that the claimant earned wages sufficient to entitle him to the maximum weekly compensation benefits of $87.50. Claimant was found to have an anatomical permanent partial disability in the amount of 38% to the body as a whole. Although the medical in this claim was not fully developed concerning the degree of permanent disability, and the final degree of permanent disability was specifically reserved for future determination, Dr. Joseph S. Hudson, a neurosurgeon, and one of appellee's principal treating physicians, did make a permanent impairment rating a 38% to the body as a whole on March 20, 1979. Accordingly, the commission concluded that appellee's healing period ended on March 20, 1979; and that it would be necessary to conduct an additional hearing concerning the final degree of permanent disability.

The carrier was directed and ordered to pay to claimant temporary total disability benefits in the amount of $87.50 per week beginning May 19, 1978, and continuing through March 20, 1979. Respondents were further ordered to pay permanent partial disability in the amount of $87.50 per week beginning March 21, 1979, and continuing for 171

weeks, which represents 38% permanent partial anatomical disability to the body as a whole. Respondents were directed to also pay all hospital, medical and related expenses arising out of the claimant's compensable injuries of May 18, 1978, including the maximum statutory attorneys' fees. Respondents appealed to the Arkansas Workers' Compensation Commission where the findings of fact, conclusions and award of the Administrative Law Judge were adopted as the opinion of the full commission. The case comes before us on appeal from the opinion of the commission entered on December 18, 1979.

Section 6 of the Workers' Compensation Act (Ark. Stat. Ann. § 81-1306) provides:

> Where a subcontractor fails to secure compensation required by this Act, the prime contractor shall be liable for compensation to the employees of the subcontractor. Any contractor or his insurance carrier who shall become liable for the payment of compensation on account of injury to or death of an employee of his subcontractor may recover from the subcontractor the amount of such compensation paid or for which liability is incurred. The claim for such recovery shall constitute a lien against any monies due or to become due to the subcontractor from such prime contractor. A claim for recovery, however, shall not affect the right of the injured employee or the dependents of the deceased employee to recover compensation due from the prime contractor or his insurance carrier.

The basic issue presented for determination by the commission was whether the claimant, Roger Mitchell, was an employee of Roger Mitchell and Son, Inc., within the meaning of Section 6. It is true that Roger Mitchell was a corporate officer of Roger Mitchell and Son Contractors, Inc.; however, the commission found that he was also an employee of the corporation. The evidence reflects that he received wages of $8.00 an hour from the corporate for a usual work week of 40 to 50 hours. He was the working supervisor for the corporation on the job in question. As stated by Professor Larson, when a corporate officer's duties involve distinctively

non-executive, non-supervisory or even manual work, the compensation act should apply. 1B *Larson's Workmen's Compensation Law*, § 54.21. Professor Larson goes on to say, at the same Section:

> With very little difficulty, the courts also extended coverage to corporation officers when their duties were of a supervisory character, such as those of a foreman, superintendent of construction, superintendent of a department, and even, with near unanimity, a general manager, since these are all jobs that, in ordinary circumstances, would make the holder an employee.

The task of weighing the evidence in this case fell within the province of the commission. And in determining whether the evidence was substantial, we must consider only that evidence which is most favorable to the commission's finding, and view, weigh, and interpret it along with all reasonable inferences deducible therefrom, in the light most favorable to those findings. *Barksdale Lumber Company* v. *McAnally*, 262 Ark. 379, 557 S.W. 2d 868 (1977). It is not within our province to weigh the evidence de novo. The question before us is whether there is substantial evidence to support the award made. We must affirm if there is substantial evidence to support the commission's findings. *Wilson and Company* v. *Christman*, 244 Ark. 132, 424 S.W. 2d 863 (1968).

Appellee relies on the decision of the Arkansas Supreme Court in *Thomas* v. *Southside Contractors, Inc.*, 260 Ark. 694, 543 S.W. 2d 917 (1976), and says it is directly in point with the case before us. In *Thomas*, the vice-president of an uninsured subcontractor was injured while working on the job and filed a claim against the principal contractor which was denied by the commission. On appeal the circuit court affirmed the commission. On appeal to the Supreme Court the case was reversed and the Supreme Court of Arkansas held that this individual was entitled to compensation from the principal contractor and his carrier. The holding of the Supreme Court was based upon the fact that the employee, while an officer of the subcontractor, was not the subcontractor per se. While the *Thomas* case may have some bearing on the case at bar, it can be distinguished. The basic question here is whether

there is substantial evidence in this record to support the finding of the commission that Mr. Roger Mitchell was in fact, and within the meaning of the compensation law, an employee of Roger Mitchell and Son Contractors, Inc. We think the case at bar is governed by *Brooks* v. *Claywell*, 215 Ark. 913, 224 S.W. 2d 37 (1949), which dealt with whether an officer of a corporation is an employee within the meaning of the compensation act; and with the weight a court on appeal must give to a finding by the commission in deciding that question. Here the commission held that Mitchell was an employee of Roger Mitchell and Son Construction, Inc., within the meaning of the compensation act. That was a question of fact to be determined by the Workers' Compensation Commission, and that finding on appeal must be given the same effect as the verdict of a jury. *Brooks* v. *Claywell, supra.*

After a careful review of the testimony, we find that there is substantial evidence to support the findings and award of the commission. The record shows that the appellant-employer knew that Roger Mitchell and Son Contractors, Inc., did not carry workers' compensation insurance. Benefield did not require the corporation to obtain the required coverage. Therefore, appellant Benefield acted at his own peril by contracting a job to a corporation and not requiring proof of workers' compensation insurance. Section 6 of the act clearly applies to this case.

Affirmed.