The Honorable Travis Dowd State Representative P.O. Box 2015 Texarkana, AR 75504
Dear Representative Dowd:
This is in response to your request for an opinion on the following question:
 If a person who owns and operates a crushing business in Arkansas hires an independent trucking company to haul his product, and while loading the truck on his premises, an employee of the trucking company is injured and the trucking company does not have Workers' Compensation insurance, is the owner of the crushing business liable for the injuries to the employee of the trucking company?
If it is clear that the person injured is not an employee of the crushing business, it may be concluded that any otherwise applicable worker's compensation benefits secured by the crushing business on behalf of it[s] employees will not be available as a result of the injury. Arkansas Code of 1987 Annotated11-9-401(a)(1) requires that every employer ". . . secure compensation to his employees and pay or provide compensation for their liability or death from injury arising out of and in the course of employment without regard to fault as a cause of injury." (Emphasis added.) The terms "employer" and "employee" are defined under A.C.A. 11-9-102.
Section 11-9-402 must, however, also be considered. This provision establishes the liability of a prime contractor to employees of a subcontractor who has failed to secure compensation coverage as required by law. Thus, if the injured individual is an employee of an uninsured subcontractor, 11-9-402 may render the crushing business liable. The Arkansas Supreme Court has offered some guidance in this regard, stating that before an independent contractor can be found a "subcontractor" for purposes of 11-9-402, it must be established that the one sought to be held liable as a "prime contractor" (the crushing business in this instance) was contractually obligated to a third person for the work being performed by the independent contractor. Bailey v. Simmons, 6 Ark. App. 193, 639 S.W.2d 526 (1982). See also D M Constr. Co. v. Archer, 14 Ark. App. 198, 686 S.W.2d 799 (1985); Lofton v. Bryan, 237 Ark. 642, 375 S.W.2d 221 (1964).
A determination with respect to the applicability of 11-9-402 is a question of fact, to be resolved by the Workers' Compensation Commission based upon the particular circumstances of each case. Benefield Real Estate v. Mitchell, 269 Ark. 607, 599 S.W.2d 445
(1980). A question of fact may also arise in this instance if a claim emerges based upon the alleged negligence of the crushing business. While we are therefore unable to offer a conclusive response to your inquiry, we hope that the foregoing offers general guidance in addressing the matter.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.