Hale *v*. Mansfield Lbr. Co.

5-3191                                    376 S. W. 2d 670

Opinion delivered March 23, 1964.

*Donald Poe,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

Sam Robinson, Associate Justice. Lawrence Victor Hale was getting out timber for appellee, Mansfield Lumber Company. He died from a heart attack while working on the job. The Workmen's Compensation Commission denied compensation on the ground that he was an independent contractor. Hale's dependents have appealed.

There was no written contract between Hale and Mansfield, but according to the evidence, the oral contract was that Hale was to receive $7.50 per 1,000 board feet, plus payment of the insurance premium, for skidding the logs out of the woods and loading them on trucks. Hale owned the mules and a loader used in the operation, and he hired other men to help him. There is no indication that any kind of insurance premium was in the minds of the parties except the premium for workmen's compensation insurance; no other kind of insurance was involved.

Mansfield was removing timber from government land under a contract with the government. Even if it can be said that Hale was an independent contractor, he was an independent subcontractor, and Mansfield would be liable to his employees under the workmen's compensation law. *Huffstettler* v. *Lion Oil Company,* 208 F. 2d 549; *Hobbs Western Co.* v. *Craig,* 209 Ark. 630, 192 S. W. 2d 116; *Brothers* v. *Dierks,* 217 Ark. 632, 232 S. W. 2d 646.

Hale was one of the workmen getting out the timber; he worked in the woods the same as the other men. Mansfield paid a premium for workmen's compensation insurance of $11.36 on every $100.00 of remuneration paid to Hale. It can be fairly inferred that the insurance was to cover Hale as well as the other workers. The Commission held inadmissible evidence of payment of workmen's compensation to other workers in a similar position as Hale; but we think the evidence was admissible to show it was the intention of the parties that Mansfield arrange for the workmen's compensation insurance. Furthermore, Mansfield did procure such a policy.

It is provided in the workmen's compensation policy of insurance procured that it specifically covers logging; that is exactly the thing Hale was doing. In fact, $11.36 was paid as a premium on every $100.00 paid to Hale. It is reasonably inferrable that if Mansfield had not agreed to pay the premium on the workmen's compensation insurance policy, the premium money would have been paid to Hale as additional compensation for getting out the timber. From a practical standpoint, Hale was paying the premium himself.

The case of *Stillman* v. *Jim Walter Corporation,* 236 Ark. 808, 368 S. W. 2d 270, is analogous. There, the contract between the parties was that the employer would deduct 3% of the remuneration paid for the work done, and provide the workmen's compensation insurance. It was held that the employer was bound by the contract.

In the Stillman case we did not reach the question of whether the mere payment of premiums for a work-

men's compensation insurance policy estopped the employer and insurance carrier from contending that the worker was not an employee. The Stillman case turned on the point that under the arrangement between the parties, Jim Walters was obligated to furnish workmen's compensation insurance.

It is mentioned, however, in the Stillman case that the weight of authority is to the effect that the principle of estoppel is applicable in a situation of that kind. We still do not reach that exact point in the case at bar because of the contract that Mansfield was to pay the insurance premium. It was further pointed out in the Stillman case that estoppel might apply where workmen's compensation insurance had been procured on the worker, regardless of whether he was an independent contractor, because the procurement of such insurance puts the employer in a strong position to contend that the workmen's compensation law was applicable where the employer had been sued for a common law tort. In other words, if there was a good case against the employer on a common law tort arising out of a serious injury to the worker, the employer would be in a good position to say: I am not liable for the common law tort; the workmen's compensation law applies here. I procured a policy of workmen's compensation insurance protecting the injured workman. The employer might not prevail in his contention, but the injured party's action in tort would be weakened.

Under the contract between Hale and Mansfield, Mansfield was to pay the premium on the policy for workmen's compensation insurance. The premium was paid—$11.36 for every $100.00 that was paid to Hale as remuneration for getting out the timber. In these circumstances it cannot be said that the workmen's compensation law does not apply in this case .

The Workmen's Compensation Commission did not reach the point of whether Hale was injured in the course of his employment. Reversed and remanded for the determination of that question.