MOUNTAIN VALLEY SUPERETTE, INC.
*v.* Carolyn BOTTORFF

CA 81-392                                629 S.W. 2d 320

Court of Appeals of Arkansas
Opinion delivered March 17, 1982

*Clark & Reis,* by: *Mark P. Clark,* for appellant.

*Lane, Muse, Arman & Pullen,* by: *Donald C. Pullen,* for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case, the appellant raises two issues for reversal. First, that the appellant had an insufficient number of employees in order to subject it to the requirements of the Workers' Compensation Act and second, that the Commission erred in finding that the appellee was entitled to temporary total disability benefits exclusive of certain days on which she worked.

The evidence reflects that two couples, Mr. and Mrs. Campbell and Mr. and Mrs. Denham, were the owners of all the stock in Mountain Valley Superette, Inc. They owned twenty-five shares each out of a total of one hundred outstanding shares. The evidence reflected that all of the stockholders worked in the daily operation of the corporation, and that appellee was employed to work two days a week in order that one couple could be off every other week. Appellee also worked when any of the stockholders were ill. Mr. Campbell testified that none of the stockholders received any salary from the corporation and that the only income received from the corporation was in the form of dividends, which were declared on a monthly basis. The evidence further reflects that Mountain Valley Superette, Inc. was a corporation that elected tax treatment under § 1371 et. seq. of the Internal Revenue Code. Such corporations are commonly referred to as subchapter "S" corporations and are taxed as if their income was partnership income. Arkansas Statutes Annotated § 81-1302 (a) (Repl. 1976) defines "employer" as any individual, partnership, association, or *corporation* carrying on any employment. Under Ark. Stat. Ann. § 81-1302 (c) (1) (Repl. 1976), "employment" is defined as:

Every employment carried on in the State in which

three (3) or more employees are regularly employed by the same employer in the course of business or businesses. . .

The question of whether the employer has the minimum number of employees in order to subject that employer to the requirements of the Workers' Compensation Act is a factual determination for the Commission. *Stewart v. Cosby-Parsons Quarter Horse Ranch,* 269 Ark. 866, 601 S.W. 2d 590 (Ark. App. 1980). It was the duty of the Commission to follow a liberal approach and to draw all reasonable inferences favorable to the claimant. *Williams v. National Youth Corps,* 269 Ark. 649, 600 S.W. 2d 27 (Ark. App. 1980). On appeal, we must review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Before we may reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services v. Home Ins. Co.,* 2 Ark. App. 185, 618 S.W. 2d 573 (1981); *Bunny Bread v. Shipman,* 267 Ark. 926, 591 S.W. 2d 692 (Ark. App. 1980).

Arkansas Statutes Annotated § 81-1302 (Repl. 1976) defines "employee" as any person employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but it excludes a person whose employment is casual and not in the course of the employer's trade or business.[1] Therefore, the question is whether the stockholders of the appellant can be counted as employees in order to arrive at the requisite number of employees to subject the appellant to the requirements of the Workers' Compensation Act.

In the case at bar, the stockholders who created the corporation in order to enjoy the advantages from its existence as a separate legal entity are asking that its existence be disregarded where it works a disadvantage to them. They ask us to treat the corporation as if it were a

---

[1]This statute was amended by Act 119 of 1979 and Act 290 of 1981.

partnership. The corporate structure cannot be so lightly disregarded. A corporation is a legal entity separate and apart from its stockholders. *Shipp* v. *Bell & Ross Enterprises, Inc.*, 256 Ark. 89, 505 S.W. 2d 509 (1974); *Banks* v. *Jones*, 239 Ark. 396, 390 S.W. 2d 108 (1965); *Atkinson* v. *Reid*, 185 Ark. 301, 47 S.W. 2d 571 (1932).

The only real difference in this case and that of *Aerial Crop Care, Inc.* v. *Landry*, 235 Ark. 406, 360 S.W. 2d 185 (1962), is that in the case at bar, the corporation is what is commonly referred to as a subchapter "S" corporation whereas the corporation in *Landry* was what is commonly referred to as a straight corporation. In *Landry*, the Arkansas Supreme Court found that the three individual officers/ stockholders were employees of the corporation for purposes of the Workers' Compensation Act. The court based its ruling on the fact that the three individual officers/stockholders' pay depended to some extent on the number of flights they made for the corporation in its crop dusting business, and that the monies they received from the corporation bore a direct relationship to the services performed by them.

In the case at bar, the stockholders took an active part in the principal operation of the corporation. The corporation's income was dependent on the services provided by the stockholders. Although it is true that the stock ownership determined the share of profits payable to each of the stockholders, it is obvious that the monies which they received as dividends from the corporation bore a direct relationship to the work performed by each of the stockholders.

We hold that the Commission was correct in finding that the appellant had a sufficient number of employees so as to subject it to the requirements of the Workers'-Compensation Act and therefore, we find no merit to appellant's first point.

Appellant also argues that there is no substantial evidence to support a finding that the appellee was temporarily and totally disabled from January 23, 1978,

through December 11, 1979. The record reflects that appellee's condition had not changed during the period in which the Commission found her to be temporarily and totally disabled, but that she had worked for a short period of time as a cashier in a restaurant and that she had been compensated for sitting with an elderly individual. The Commission directed that the appellant be credited for each day of gainful employment of the appellee, at the rate of one-seventh (1/7) of the appellee's weekly benefit rate. Appellant argues on appeal that the fact that appellee returned to work demonstrated that she was not temporarily and totally disabled.

Appellee was released from medical treatment by Dr. DuBose Murray on December 11, 1979. The administrative law judge found that appellee had a permanent partial disability of twenty per cent to the right elbow and ten per cent to the left elbow. Thus, appellee's injury was a scheduled one. Ark. Stat. Ann. § 81-1313 (c) (Repl. 1976). Appellee was entitled to temporary total disability benefits from the date of injury through the end of the healing period. *International Paper Co. v. McGoogan,* 255 Ark. 1025, 504 S.W. 2d 739 (1974). The healing period ends when the employee is as far restored as the permanent character of his injury will permit. *Mad Butcher, Inc. v. Parker,* 4 Ark. App. 124, 628 S.W. 2d 582 (1982). Disability is defined under Ark. Stat. Ann. § 81-1302 (e) (Repl. 1976) as the incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.

There was conflict in the testimony as to the type of work that the appellee did at the restaurant and also as to the amout of time she spent working there following her injury. After reviewing the testimony, we are of the opinion that the full Commisson was correct in finding that appellee was temporarily and totally disabled from January 23, 1978, through December 11, 1979.

Affirmed.