FRATERNAL ORDER OF EAGLES, and FIDELITY
& CASUALTY COMPANY OF NEW YORK *v.*
Wayne KIRBY

CA 82-137                              639 S.W.2d 529

Court of Appeals of Arkansas
Opinion delivered October 6, 1982

200

*Joe Benson,* for appellants.

*H. David Blair,* for appellee.

JAMES R. COOPER, Judge. This is a workers' compensation case. Appellee was chairman of the Board of Trustees of the Fraternal Order of Eagles in Midway, Arkansas. As a trustee and chairman, he was required to attend meetings, oversee the general business activity of the lodge, and to take care of the lodge building. He was paid $1.00 per year. Appellee was injured on March 19, 1980, when he suffered a high voltage electrical shock while he was inspecting the roof of the lodge building for leaks. The administrative law judge found that the activity that appellee was doing at the time he was injured was expected and routine, and was an important part of the successful operation of the lodge. He further found that the injury arose out of and in the course of appellee's employment. The full Commission affirmed the administrative law judge's opinion, adopting it as their own. From that decision, comes this appeal.

On appeal, the appellants argue that there is no substantial evidence to support a finding that appellee was an employee at the time of the injury, or that the injury was causally connected to the incident.

In workers' compensation cases, the claimant has the burden of proving by a preponderance of the evidence that his claim is compensable. Ark. Stat. Ann. § 81-1323 (c) (Supp. 1981); *Hughes* v. *Hooker Bros. & McKenzie Road Service, Inc.,* 237 Ark. 544, 374 S.W.2d 355 (1964). The Workers' Compensation Act, Ark. Stat. Ann. § 81-1301 *et seq.* (Repl. 1976) is remedial legislation that is to be

liberally construed in favor of the claimant. It is the Commission's function to determine where the preponderance of the evidence lies, but in doing so, doubtful cases are to be resolved in favor of compensation. *Aluminum Co. of America* v. *Henning,* 260 Ark. 699, 543 S.W.2d 480 (1976); *McGehee Hatchery Co.* v. *Gunter,* 237 Ark. 448, 373 S.W.2d 401 (1963); *Williams* v. *National Youth Corps,* 269 Ark. 649, 600 S.W.2d 27 (Ark. App. 1980). The rule of liberal construction applies to the factual determination of whether the injured person is an employee. *Liggett Const. Co.* v. *Griffin,* 4 Ark. App. 247, 629 S.W.2d 316 (1982).

On appeal, we are required to review the evidence in the light most favorable to the Commission's decision and to uphold that decision if it is supported by substantial evidence. In order to reverse a decision of the Commission, the appellate court must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.,* 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman,* 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980).

Arkansas Statutes Annotated § 81-1302 (a) (Repl. 1976) defines "employer" as any individual, partnership, *association,* or corporation carrying on any employment. "Employment" is defined according to whether the employer has the minimum number of employees in order to subject that employer to the requirements of the Workers' Compensation Act. Ark. Stat. Ann. § 81-1302 (c) (Repl. 1976). Arkansas Statutes Annotated § 81-1302 (b) (Supp. 1981) defines "employee" as:

> [A]ny person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession or occupation of his employer. The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be

included in the definition of "employee" by filing written notice thereof with the Division of Worker's Compensation . . . .

Ordinarily, whether a person is an "employee" can be determined by the position that person occupies and its relationship to the alleged employer. However, in those cases where a person occupies more than one position, it becomes necessary to consider the type of work that was actually being done by that person at the time of his injury. *See, Brook's Inc.* v. *Claywell,* 215 Ark. 913, 224 S.W.2d 37 (1949).

In 1B A. Larson, The Law of Workmen's Compensation § 54.21 (1979), Professor Larson discusses the circumstances under which a corporate officer can be found to be an employee and then states:

> With very little difficulty, the courts also extended coverage to corporation officers when their duties were of a *supervisory character,* such as those of a foreman, superintendent of construction, superintendent of a department, and even, with near unanimity, a *general manager,* since these are all jobs that, in ordinary circumstances, would make the holder an employee. [Emphasis added.]

This Court has quoted the above section with approval in *Continental Ins. Co.* v. *Richard,* 268 Ark. 671, 596 S.W.2d 332 (Ark. App. 1980), and *Benefield Real Estate* v. *Mitchell,* 269 Ark. 607, 599 S.W.2d 445 (Ark. App. 1980).

We believe that the standard we have applied to corporate officers is likewise applicable to the executive officers of associations, at least where the sole question is whether the officer is an "employee".[1]

---

[1]We realize that the liability of members in a partnership and an association are similar in some ways, and that a partner cannot be an "employee" of a partnership, unless an election has been made to be included as such under the definition. *See, Brinkey Heavy Hauling Co.* v. *Youngman,* 223 Ark. 74, 264 S.W.2d 409 (1954); Ark. Stat. Ann. § 81-1302 (b) (Supp. 1981). However, it is not argued before this Court that the

At the time of injury, appellee and the roofer were on the roof of the lodge building attempting to find a leak in the roof. While examining the roof, appellee came in contact with an air conditioning unit. The appellee suffered an electrical shock from the unit, and immediately left the roof. The type of work that appellee was performing at the time of his injury, is generally associated with the duties of a general manager. Therefore, we affirm the Commission's decision which finds that the appellee was an employee.[2]

Appellants next argue that there is no substantial evidence that appellee's injury was causally connected to the incident. This argument is primarily based on the testimony of Dr. Claude Cooper, a specialist in internal and cardio-vascular medicine. He indicated that he was not sure exactly why the mitral valve in appellee's heart malfunctioned when it did. He indicated that he believed that there was a possibility that it was related to the electrical shock that appellee received. Dr. Cooper also testified that a number of things could cause the mitral valve to malfunction, and that appellee had a preexisting disease of the mitral valve.

Our scope of review on this issue is limited to a determination of whether substantial evidence exists to support the Commission's decision. When the testimony of Dr. Cooper is considered, along with the lack of previous symptoms and the time sequence of events, we cannot say that fair-minded persons could not arrive at the conclusion the Commission reached. *See, American Can Company* v. *McConnell,* 266 Ark. 741, 587 S.W.2d 583 (Ark. App. 1979). Even if there were a clear conflict in the medical testimony, which is not present in the case at bar, the resolution of such

appellee cannot be an "employee" of the association because at once he is an employer and an employee, and thus a contradiction of liability. It should be pointed out that the *Youngman* case was decided by the Arkansas Supreme Court in 1954, with four justices in the majority and three justices dissenting.

[2]The only argument presented in this Court against appellee's status as an employee, was that he was performing executive or supervisory duties at the time of his injury. No question has been raised as to the existence of a "contract of hire."

204

conflicts is for the Commission, not this Court. *Jones* v. *Scheduled Skyways, Inc.,* 1 Ark. App. 44, 612 S.W.2d 333 (1981).

Affirmed.

CRACRAFT, J., concurs.