Jiles R. WRIGHT, III *v.* ABC AIR, INC.
d/b/a Mustang Agri-Air

CA 93-8                                    864 S.W.2d 871

Court of Appeals of Arkansas
En Banc
Opinion delivered November 3, 1993

6

*Lohnes T. Tiner*, for appellant.

*Lindsey J. Fairley*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case was injured while crop dusting in the course of his employment with the appellee. The Commission denied the appellant's claim after finding that the evidence failed to establish that the appellee had the requisite number of employees necessary for coverage under the Act. From that decision, comes this appeal.

On appeal, the appellant contends that the Commission erred in so finding. We find no error, and we affirm.

■ The appellant's sole point for reversal consists of a challenge to the Commission's finding that he failed to establish that the appellee had the number of employees necessary for coverage under the Arkansas Workers' Compensation Law. When reviewing the sufficiency of the evidence to support a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if the Commission's decision is supported by substantial evidence. *Cagle Fabricating and Steel, Inc.* v. *Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *CDI Contractors* v. *McHale*, 41 Ark. App. 57, 848 S.W.2d 941 (1993). Where the Commission's denial of relief is based on the claimant's failure to prove entitlement to benefits by a preponderance of the evidence, the substantial evidence standard of review requires affirmance if the Commission's opinion displays a substantial basis for the denial of

relief. *Moser* v. *Arkansas Lime Co.*, 40 Ark. App. 108, 842 S.W.2d 456 (1992).

■■ In order to be subject to the Arkansas Workers' Compensation Act, an employer must carry on an employment in which three or more employees are regularly employed in the course of business. *See* Ark. Code Ann. § 11-9-102(3)(A) (1987); *Stone* v. *Patel*, 26 Ark. App. 54, 759 S.W.2d 579 (1988). In the case at bar, the record shows that only three individuals were involved with the corporation or its operations in any capacity: the appellant, whom the parties stipulated to be an employee; Randy Atkinson, who was in charge of the flying service; and Howard L. Cissell, who furnished the financing and was president of the corporation. Although corporate officers may be counted as employees if they take an active part in the business, *see Aerial Crop Care, Inc.,* v. *Landry*, 235 Ark. 406, 360 S.W.2d 185 (1962) and *Mountain Valley Superette* v. *Bottorff*, 4 Ark. App. 251, 629 S.W.2d 320 (1982), the question of whether a corporate officer is sufficiently active in the corporation to be considered an employee is to be determined by the circumstances of each case. *Fraternal Order of Eagles* v. *Kirby*, 6 Ark. App. 198, 639 S.W.2d 529 (1980). In the *Aerial Crop Care* case, *supra*, the Supreme Court found that the three corporate officers were employees based on evidence that each of them flew a plane, which happened to be the principal work of the corporation, and that each officer's pay depended to some extent on the amount of flying done. *Aerial Crop Care, Inc.*, 235 Ark. at 409. Likewise, the corporate officers in the *Mountain Valley* case were found to be employees on the strength of evidence that they worked in the daily operation of the corporation, and that the dividends they received from the corporation bore a direct relationship to the work performed by each of them in the daily operation of the business.

In the case at bar, the Commission found that Mr. Cissell was not sufficiently active in the business to be counted as an employee. In support of this finding, the Commission noted that there was no evidence that he was actively involved in the daily operations or routine decisions of the business, or relating to any other duties that he may have performed as president of the corporation. The Commission stated that, although there was evidence that Mr. Cissell visited the office on four or five occa-

sions, and that he was occasionally consulted on decisions of an extraordinary nature, his involvement in the business was essentially passive and he should therefore not be counted as an employee in considering whether the appellee is subject to the Act.

The Commission further found that the appellee did not come within the coverage of the Act under the provisions of Ark. Code Ann. § 11-9-102(3)(C), which provides that "[e]very employment in which one (1) or more employees are employed by a contractor who subcontracts any part of his contract" is covered by the Act. The Commission rejected this argument because it found that the evidence failed to establish that the appellee subcontracted any part of its business. In so holding, the Commission noted that, although Mr. Atkinson and Mr. Cissell characterized their relationship as one of a contractor/subcontractor, the question of whether one is a subcontractor is a question of fact for the Commission to decide. *Bailey* v. *Simmons*, 6 Ark. App. 193, 639 S.W.2d 526 (1982).

In holding that Ark. Code Ann. § 11-9-102(3)(C) was not applicable to this claim, the Commission noted that a subcontractor is defined as one who enters into a contract for the performance of work which another has already contracted to perform, *id.*, and found that Mr. Atkinson was responsible for setting up the operations and generally arranged all contracts for the corporation's services himself. Under the circumstances of this case, we think that the Commission's opinion provides a substantial basis for the denial of relief, and we hold that its decision is supported by substantial evidence.

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the majority opinion in this case. With all due respect, I think the majority has failed to apply the statutory law to the undisputed evidence.

The appellant was injured while flying an airplane which was spraying chemicals on a field owned by one of the appellee's customers. The threshold question is whether the appellant was

injured in an employment covered by the Arkansas Workers' Compensation Law.

The Commission found that the appellee was a corporation engaged "in the business of providing services consisting of the aerial application of pesticides and fertilizers." The Commission also found that the appellant and Randy Atkinson were employees of the corporation, but Howard Cissell, who was president of the corporation, was not actively involved in the operation of the business and should not be counted as an employee in considering whether the corporation was engaged in an employment subject to the compensation act. Therefore, the Commission found that the corporation was not subject to the act because it did not have three employees as required by Ark. Code Ann. § 11-9-102(3)(A) (1987).

On the other hand, the appellant contends that Randy Atkinson was not an employee of the corporation but was a subcontractor of the corporation and, therefore, the corporation was subject to the act under Ark. Code Ann. § 11-9-102(3)(C) (1987), which provides coverage for:

> (C) Every employment in which one (1) or more employees are employed by a contractor who subcontracts any part of his work.

It is well settled that we do not reverse the Commission unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. In this case, in my opinion, fair-minded persons applying the above quoted provision of the act, could not have found that the Commission reached the correct conclusion; therefore, we should reverse the Commission's decision. *See Price* v. *Little Rock Packaging Co.*, 42 Ark. App. 238, 856 S.W.2d 317 (1993).

The Commission reversed the decision of the administrative law judge who found that the appellee "by its own admission, subcontracted out a portion of [its] obligations to Mr. Atkinson." The Commission, in a two to one decision, stated that although both the appellee and Atkinson "have characterized the relationship as one of a subcontractor, the evidence fails to support that characterization." The Commission's opinion supports

its conclusion by quoting from *Bailey* v. *Simmons*, 6 Ark. App. 193, 639 S.W.2d 526 (1982), the statement that "subcontracting is merely 'farming out' to others all or part of work contracted to be performed by the original contractor" and then stating that "the evidence establishes that Atkinson was solely in charge of the routine operations of the business."

I do not think the Commission's reasoning actually reaches the point involved. The president of the appellee corporation testified that Randy Atkinson was in charge of "my flying service" and then looked at a document, admitted it said that Atkinson was a "self-employed sub-contractor," and admitted that this was "correct." The document was introduced into evidence. It is signed by Mr. Atkinson and states:

> I hereby acknowledge that I am an independent contractor and not an employee of Mustang Agri-Air, and I hereby agree to be responsible for commissions earned. I hereby request that Mustang Agri-Air do not withhold any taxes from the above earnings.

> As a self-employed sub-contractor I agree that I am responsible for insurance and personal liability while working for named business above. I hold named business above harmless in all injury or damages to other parties also.

In addition to the above evidence, the appellant points to the record where one of the appellee's attorneys stated at the hearing before the law judge that Mr. Atkinson was "an independent contractor." Moreover, the appellant testified that Mr. Atkinson had his own airplane; that the plane appellant was flying on the day he was injured was owned by the appellee; and that "sometimes" the appellant and Atkinson would "fly the same field." The appellant also testified that the owner of the field that appellant was spraying at the time of the crash came to the appellee's office and arranged for the job to be done. No one testified contrary to the appellant's testimony.

Most of the cases dealing with subcontractors have been concerned with what is now Ark. Code Ann. § 11-9-402 (1987) (formerly Ark. Stat. Ann. § 81-1306). That statute provides that where a subcontractor fails to secure compensation required by the Workers' Compensation Law the prime contractor shall be

liable for compensation to the employees of the subcontractor. *Bailey* v. *Simmons, supra,* pointed out that the statute applies only where the "prime contractor" is contractually bound to perform the work in which the subcontractor's employee was engaged at the time of the injury. *See also D&M Construction Co.* v. *Archer,* 14 Ark. App. 198, 686 S.W.2d 799 (1985). The terms "independent contractor" and "subcontractor" should not confuse the matter because one can be "an independent subcontractor." *Hale* v. *Mansfield Lbr. Co.,* 237 Ark. 854, 855, 376 S.W.2d 670, 671 (1964). In fact, a subcontractor is ordinarily an independent contractor. *Thomas* v. *Southside Contractors, Inc.,* 260 Ark. 694, 697, 543 S.W.2d 917, 919 (1976).

Although it is conceded that the appellee does not have workers' compensation insurance, Ark. Code Ann. § 11-9-402 does not apply in this case because the injured employee was an employee of the prime contractor — the appellee — and not an employee of the subcontractor. However, Ark. Code Ann. § 11-9-102(3)(C) does apply in this case because it provides that every employment is subject to the Workers' Compensation Law where "one or more employees are employed by a contractor who subcontracts any part of his work." In *Liggett Construction Co.* v. *Griffin,* 4 Ark. App. 247, 629 S.W.2d 316 (1982), this court held that Ark. Stat. Ann. § 81-1306 (now Ark. Code Ann. § 11-9-402) makes a prime contractor liable for compensation to employees of a subcontractor who has failed to secure workers' compensation coverage. In our en banc decision, we stated:

> The primary purpose of this provision is to protect the employees of subcontractors who are not financially responsible, and to prevent employers from relieving themselves from liability by doing through independent contractors what they would otherwise do through direct employees. *Hobbs-Western Co.* v. *Craig,* 209 Ark. 630, 192 S.W.2d 116 (1946).

4 Ark. App. at 251, 629 S.W.2d at 318. I think it is obvious that Ark. Code Ann. § 11-9-102(3)(C) is intended to accomplish this same general purpose.

In the present case the appellee is engaged, as found by the Commission, "in the business of providing services consisting of the aerial application of pesticides and fertilizers." It has one

employee — the appellant — who flies an airplane, owned by the appellee, and makes aerial application of the pesticides and fertilizers. The appellee also has an arrangement with Randy Atkinson — evidenced by a written document — whereby Atkinson, who is an independent contractor and not an employee, also flies an airplane (sometimes his own plane) and makes aerial application of the pesticides and fertilizers. Under this method of doing business the appellee — in the absence of the provisions in Ark. Code Ann. § 11-9-102(3)(C) — would not have to carry insurance, or be responsible, for workers' compensation coverage on the appellant. But Ark. Code Ann. § 11-9-102(3)(C) provides that the appellee is liable for coverage because it is engaged in an "employment in which one (1) or more employees are employed by a contractor who subcontracts [a] part of his work."

The president of the appellee corporation, who the Commission found "furnished the financing for the corporation," testified that Atkinson was in charge of "my flying service" and that the written document signed by Atkinson correctly set out Atkinson's status as a "self-employed sub-contractor." Appellee's attorney admitted the same thing in the hearing before the law judge. The written document also specifically requests that the appellee not withhold any taxes from the "commissions" earned by Atkinson.

Under the law and the evidence, I have to find that the appellee is liable for the workers' compensation benefits to which the appellant is entitled as a result of his injury. I would reverse and remand for the determination of those benefits.