NO. 07-04-0519-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 14, 2005



______________________________


 

JESUS FEDERICO AGUIRRE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;



NO. A2886-0306; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Jesus Federico Aguirre, appeals his conviction for the offense of injury
to an elderly individual and sentence of 99 years confinement and a $10,000.00 fine. 
Overruling appellant's issue, we affirm.



FACTUAL BACKGROUND


 On March 31, 2003, 71-year-old Natividad Reyes was found in his van in the alley
behind the 200 block of NE 6th Street in Dimmitt, Texas. Reyes had been stabbed 17 times
and had other multiple cuts and wounds. There were no eye witnesses to the assault. 
However, on the afternoon of the assault, appellant and several other witnesses were at
212 NE 6th Street in Dimmitt, Texas. Appellant was seen coming from the rear of 212 NE
6th Street folding a knife and with blood on his shirt shortly before Reyes was discovered. 
Appellant fled Dimmitt and was apprehended in another state on February 10, 2004. 
During the initial investigation at the scene, Reyes identified appellant as the assailant. 
Appellant contends that the evidence was factually insufficient to support his conviction

STANDARD OF REVIEW


 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which
the evidence may be insufficient. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, considering all of the evidence, both for and against the verdict, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not have
been met. Id. at 484-85. 


ANALYSIS 


 As we will affirm the judgment of the trial court, we will review the evidence that
appellant claims demonstrates a factually insufficient basis for the jury verdict. See Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). Appellant's principal complaint about
the sufficiency of the evidence is that there is a lack of direct evidence that appellant
attacked Reyes. Appellant contends that the emergency room physician's testimony that
Reyes was unable to talk when the physician saw him casts doubt on Reyes's purported
declarations. Appellant also questions David Gill's testimony, that he saw appellant coming
from the rear of the property at 212 NE 6th St. folding a knife and with blood on his shirt,
because Gill gave a statement shortly after the event that did not mention these facts. 
Appellant also states that there has never been a knife found that matched the description
of the weapon used in the assault. Appellant contends that these facts and the lack of
direct evidence require reversal for factual insufficiency. We disagree.

 A review of the record in a neutral light reveals that the jury had evidence showing
appellant coming from the direction where Reyes was found. Further, appellant was seen,
by at least one witness, folding a knife while he had blood on his shirt. A second witness
also observed what she thought was blood on appellant's shirt. During appellant's flight,
a third witness testified seeing what they believed to be blood on appellant's shirt.
Witnesses described appellant's demeanor, immediately after he left the scene, as scared,
in a hurry and panicky. Further, appellant's flight could reasonably be construed by the
jury to indicate a consciousness of guilt. Valdez v. State, 629 S.W.2d 317, 321
(Tex.Crim.App. 1981). 

 While we must review the evidence in a neutral light, it is for the jury to evaluate the
evidence, resolve any inconsistencies and determine its weight and value. Johnson v.
State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We must give appropriate deference to the
fact finder's determination of the weight to be afforded the evidence in our review of the
factual sufficiency of the evidence. Id. We are not allowed to substitute our judgment for
that of the jury. Zuniga, 144 S.W.3d at 482. After reviewing the evidence supporting and
contrary to the verdict in a neutral light, we cannot say that the verdict of the jury was not
rational. Id. at 484. Appellant's issue, is therefore, overruled.

 Accordingly, the trial court judgment is affirmed.

 

 Mackey K. Hancock

 Justice



Do not publish. 



quire the State to plead that someone performed those acts with a
particular mind set. Article 21.15, as illustrated by its plain language, mandates the former,
not the latter. And, we choose to read it as written by the Texas Legislature and forego
imputing into it elements that are absent. Consequently, we also overrule issue two.

 The judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Publish.

 
1. The application paragraph read:


 Now, if you find from the evidence beyond a reasonable doubt that on or
about June 19, 2003 in Potter County, Texas, the Defendant, . . . did then
and there intentionally and knowingly cause the death of an individual,
namely KATHY SUE SNELSON, by cutting her with a deadly weapon, to wit:
a knife that in the manner of its use or intended use was capable of causing
death or serious bodily injury, you will find the defendant guilty of murder.


 (Emphasis added).