NO. 07-04-0519-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2005

_____

JESUS FEDERICO AGUIRRE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A2886-0306; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Jesus Federico Aguirre, appeals his conviction for the offense of injury to an elderly individual and sentence of 99 years confinement and a $10,000.00 fine. Overruling appellant's issue, we affirm.

## FACTUAL BACKGROUND

On March 31, 2003, 71-year-old Natividad Reyes was found in his van in the alley behind the 200 block of NE 6th Street in Dimmitt, Texas. Reyes had been stabbed 17 times and had other multiple cuts and wounds. There were no eye witnesses to the assault. However, on the afternoon of the assault, appellant and several other witnesses were at 212 NE 6th Street in Dimmitt, Texas. Appellant was seen coming from the rear of 212 NE 6th Street folding a knife and with blood on his shirt shortly before Reyes was discovered. Appellant fled Dimmitt and was apprehended in another state on February 10, 2004. During the initial investigation at the scene, Reyes identified appellant as the assailant. Appellant contends that the evidence was factually insufficient to support his conviction

## STANDARD OF REVIEW

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85.

ANALYSIS

As we will affirm the judgment of the trial court, we will review the evidence that appellant claims demonstrates a factually insufficient basis for the jury verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). Appellant's principal complaint about the sufficiency of the evidence is that there is a lack of direct evidence that appellant attacked Reyes. Appellant contends that the emergency room physician's testimony that Reyes was unable to talk when the physician saw him casts doubt on Reyes's purported declarations. Appellant also questions David Gill's testimony, that he saw appellant coming from the rear of the property at 212 NE 6th St. folding a knife and with blood on his shirt, because Gill gave a statement shortly after the event that did not mention these facts. Appellant also states that there has never been a knife found that matched the description of the weapon used in the assault. Appellant contends that these facts and the lack of direct evidence require reversal for factual insufficiency. We disagree.

A review of the record in a neutral light reveals that the jury had evidence showing appellant coming from the direction where Reyes was found. Further, appellant was seen, by at least one witness, folding a knife while he had blood on his shirt. A second witness also observed what she thought was blood on appellant's shirt. During appellant's flight, a third witness testified seeing what they believed to be blood on appellant's shirt. Witnesses described appellant's demeanor, immediately after he left the scene, as scared, in a hurry and panicky. Further, appellant's flight could reasonably be construed by the jury to indicate a consciousness of guilt. Valdez v. State, 629 S.W.2d 317, 321 (Tex.Crim.App. 1981).

3

While we must review the evidence in a neutral light, it is for the jury to evaluate the evidence, resolve any inconsistencies and determine its weight and value. Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We must give appropriate deference to the fact finder's determination of the weight to be afforded the evidence in our review of the factual sufficiency of the evidence. Id. We are not allowed to substitute our judgment for that of the jury. Zuniga, 144 S.W.3d at 482. After reviewing the evidence supporting and contrary to the verdict in a neutral light, we cannot say that the verdict of the jury was not rational. Id. at 484. Appellant's issue, is therefore, overruled.

Accordingly, the trial court judgment is affirmed.


Mackey K. Hancock
Justice


Do not publish.

4