ODUS H. LeMAY v. TRINITY LUTHERAN CHURCH
ET AL

5-5145                                    450 S. W. 2d 297

Opinion delivered February 23, 1970

*Branscum, Schmidt & Mazzanti,* for appellant.

*Harley Cox, George Holmes* and *Charles Goldberger,* for appellee.

CARLETON HARRIS, Chief Justice. This case represents another effort to persuade this court to discard and repudiate the doctrine of charitable immunity to tort actions. Properties belonging to Trinity Lutheran Church, one of the appellees herein, and Odus H. LeMay, appellant, adjoin each other, being located within a residential section of Pine Bluff. According to the complaint filed by LeMay against the church and Peter Smykla, Jr., Chairman of the Board of Trustees, a large oak tree, located on the church property, fell on appellant's house, damaging same in the amount of $6,872.56. It was alleged that notice had been given that the tree was leaning toward appellant's home, and was dangerous and hazardous to person and property because of its decayed and defective condition; nonetheless, appellee negligently failed to remove it. Judgment was sought in the amount heretofore mentioned. The church and Smykla filed separate demurrers, setting out that Trinity Lutheran Church is an eleemosynary or religious institution, and, as such, was not liable for negligence. The church further asserted that the acts alleged to be negligent in the complaint were with respect to properties owned in connection with religious activities, non-proprietary in nature. Smykla asserted that, being sued in his representative capacity, there was no liability. On hearing, the demurrers were sustained by the Jefferson County Circuit Court, and from the judgment so entered, appellant brings this appeal.

Appellant argues that charitable immunity as a defense in a tort action is no longer supported by public policy, and, although a "rule of property," should no longer be allowed by this court; further, that charitable immunity is not recognized as a defense in any foreign country, and is rapidly dying in the United States. Though a creditable brief in support of his position is presented, we see no need to again discuss this question, since the issue, and our cases on the subject were thoroughly reviewed in *Williams* v. *Jefferson Hospital Association, Inc.*, 246 Ark. 1200, 442 S. W. 2d 243, this opinion being handed down just eight months ago

(June 9, 1969). We reiterate what was there said.

There is no allegation in the complaint that the activities of appellees are other than religious activities, and we agree that the trial court properly sustained the demurrers.

Affirmed.