J. W. RESORT, INC. *v.* FIRST AMERICAN NATIONAL BANK and Lena Bell YOUNG, Co-Trustees of the Harold A. Young Trust

CA 81-160                                          625 S.W. 2d 557

Court of Appeals of Arkansas
Opinion delivered December 23, 1981

*Jimmy Eaton* of *Eaton & Benton,* for appellant.

*Michael O'Malley* of *Mitchell, Williams, Gill & Selig,* for appellees.

LAWSON CLONINGER, Judge. The issue on this appeal is whether the property of appellant J. W. Resort, Inc. is

exempt from sale under execution on a judgment rendered for the tortious conduct of its agents.

Judgment was obtained against appellant in 1976 for the unlawful cutting and removal of timber from appellees' property. A writ of execution was issued in 1980 and on February 13, 1981 the trial court denied appellant's motion to quash the execution. The trial court found that appellant was a creature of statute and the statute provided no exemption.

Appellant was organized in March of 1975 under the provisions of Act 176 of the Acts of Arkansas for 1963, which Act now appears in Ark. Stat. Ann. § 64-1901 (Repl. 1980), the Nonprofit Corporation Act. Appellant's Articles of Incorporation describe it as a charitable organization whose purpose is to provide rehabilitation, housing, and medical care for the elderly, semi-invalid, veterans and youth. Since its incorporation appellant has received as donations the sum of $2,800 and the 34 acres of land now sought to be executed upon. The usable portion of the 34 acres is rented for farming for $400 per year. Appellant owns a vehicle, which is not licensed, and has no telephone or corporate sign. Its office is in the home of the person described as the national director, and the corporate records and office furniture are stored in a garage. Appellant's bank balance is $198.00. During its five years of existence appellant has furnished transportation to the grocery store for an unspecified number of persons and has assisted 30 or 40 people in the preparation of applications for college entrance. There is no evidence of any other charitable services performed.

Since the early cases of *Woman's Christian National Library Association* v. *Fordyce,* 79 Ark. 532, 86 S.W. 417 (1905) and *Fordyce* v. *Woman's Christian National Library Association,* 79 Ark. 550, 96 S.W. 155 (1906), our courts, independent of statutory authority, have held that agencies and trusts created and maintained exclusively for charity may not have their assets diminished by execution in favor of one injured by acts of persons charged with duties under the agency or trust. In the second *Fordyce* case the Library

Association permitted a judgment to go against it on a claim predicated upon the negligence of its trustees. The Court there stated:

> ... A public charity is a public trust, 'and is bound to apply its funds in furtherance of the charity and not otherwise. . . . To give damages out of a trust fund would not be to apply it to those objects which the author of the fund had in view, but would be to divert it to a completely different purpose.' ...

The principle of exemption was approved by the Court in *Crossett Health Center* v. *Croswell*, 221 Ark. 874, 256 S.W. 2d 548 (1953), but the Court, in holding that Crossett Health Center was liable for damages, found that the Center did not qualify as a purely benevolent and charitable organization. The Court asked the following question, which it answered in the negative:

> But the question arises, Is every organization that is created by proceedings appropriate to bring it, prima facie, within the purview of a benevolent entity for incorporation purposes a charitable institution in fact, intended for the public good to the exclusion of private interest, however meritorious such private ends may be?

In *Williams* v. *Jefferson Hospital*, 246 Ark. 1231, 442 S.W. 2d 243 (1969), the appellant argued that the harshness of the doctrine required its abandonment, to which the Court replied:

> ... Concededly that attack would be more persuasive if our court applied the doctrine in a broad and liberal manner, as has been true in some jurisdictions. Our court has in fact given the term 'charitable immunity' a rather narrow construction. ...

Through all the cases the recurring theme is that to be immune from tort liability an organization must be created *and maintained* exclusively as a charity. In the instant case, appellant's stated purposes were noble and exclusively for

charity. However, in practice, it was not *maintained* for its stated purposes. In its five years of life appellant has not supplied any of the services for which it was ostensibly created, and its services of any description have been minimal.

We hold that appellant has not been maintained exclusively as a charity and that its property is not immune from execution.

Affirmed.