The Honorable Ben Allen State Senator LaHarpe Blvd. Izard Street P.O. Box 2635 Little Rock, AR 72203
Dear Senator Allen:
This is in response to your request for an opinion on whether the American Diabetes Association — Arkansas Affiliate, Inc., is required to carry Workers' Compensation Insurance under the laws of the State of Arkansas. You note that this is a non-profit, charitable organization with three paid staff members.
If each of the persons comprising the referenced "three paid staff" is an "employee" for purposes of the Workers' Compensation Law[1] (A.C.A. 11-9-101 ET SEQ.), the answer to this question will, it seems, turn on whether the organization is an institution maintained and operated wholly as a public charity. SEE A.C.A.11-9-102(3)(A)(iii).
The Workers' Compensation Law applies to every "employer" and "employee," as defined (A.C.A. 11-9-102(1)(2), unless otherwise specifically provided. A.C.A. 11-9-103. The definition of "employer" includes any "partnership, association, or corporation carrying on any employment. . . ." A.C.A. 11-9-102(1). The term "employment" means, in pertinent part:
 Every employment carried on in the State in which three (3) or more employees are regularly employed by the same employer in the course of business, EXCEPT:
* * *
 Institutions maintained and operated wholly as public charities. . . . [Emphasis added.]
A.C.A. 11-9-102(3)(A)(iii)
A review of case law in this area indicates that the association or corporation has the burden of proving that it is an institution maintained and operated wholly as a public charity, so as to come within this exception. SEE, e.g., MARION HOSPITAL ASS'N v. LANPHIER, 15 Ark. App. 14, 15, 688 S.W.2d 322 (1985). This is a factual determination for the Workers' Compensation Commission, similar to the question of whether a particular employer has the minimum number of employees for purposes of the required coverage. SEE, e.g., MOUNTAIN VILLAGE SUPERETTE, INC. v. BOTTORFF, 4 Ark. App. 251,254, 629 S.W.2d 320 (1982).
We therefore suggest that the organization confer with counsel to whom it ordinarily looks for advice in order to make a determination in this regard. It may be helpful to note, however, that the Arkansas Court of Appeals has on at least one occasion examined cases which have defined "charitable institutions" for purposes of taxation or tort immunity, for guidance in construing A.C.A. 11-9-102(3)(A)(iii). SEE MARION HOSPITAL ASS'N. v. LANPHIER, SUPRA. Several factors emerge from these cases, including: whether the articles of incorporation provide that the purpose of the corporation is charitable; whether it is maintained for the private gain, profit or advantage of its organizers, officers or owners either directly or indirectly; whether it has capital stock or provisions for distributing dividends or making a profit; whether it derives its funds from public and private charity, as well as from those who are able to pay; whether all "profits" go toward maintaining the institution and extending and enlarging its charity; whether its doors are open to all who are not pecuniarily able; whether it is exempt from payment of both state and federal taxes. MARION HOSPITAL ASS'N. SUPRA; HELTON v. SISTERS OF MERCEY, 234 Ark. 76, 351 S.W.2d 129 (1961); WILLIAMS v. JEFFERSON HOSPITAL, 246 Ark. 1231, 442 S.W.2d 243 (1969). It is clear, moreover, that the organization must actually be maintained for its purposes, (J.W. RESORT, INC. v. FIRST AMER. NAT'L BANK,3 Ark. App. 290, 625 S.W.2d 557 (1981)), and must be EXCLUSIVELY maintained for the charitable purposes. CROSSETT HEALTH CENTER v. CROSWELL, 221 Ark. 874, 256 S.W.2d 548 (1953).
Although this office is not in a position to make a conclusive determination with regard to this particular institution, due to the factual nature of the inquiry, we hope that the foregoing offers guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 11-9-102(2) defines "employee" as: [A]ny person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession, or occupation of his employer. The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of `employee' by filing written notice with the Workers' Compensation Commission. Any reference to an employee who has been injured, when that employee is dead, shall also include his legal representative, dependents, and other persons to whom compensation may be payable.