The Honorable Don R. House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
I am writing in response to your request for my opinion on the following question, which you have submitted on behalf of Lawrence Health Services of Walnut Ridge:
 Does charitable immunity under Arkansas law extend to Lawrence Memorial Hospital and Lawrence Hall Nursing Center?
You indicate that this question is of particular concern because the liability insurer for these facilities has indicated its intention to discontinue coverage in the near future. I am informed that these facilities are county-owned nonprofit institutions governed by a seven-member board appointed by the county judge.
RESPONSE
Given the limited amount of information available to me, I am unable definitively to answer your question. I can, however, set forth the factors a court would consider in determining whether charitable immunity applies to these institutions.
I must confess at the outset to being confused regarding precisely how Lawrence Memorial Hospital (the "Hospital") and Lawrence Hall Nursing Center (the "Nursing Center") are organized. I have received a report that the facilities are county-owned and governed by a county judge-appointed board — facts that would suggest that the facilities are organized and operated pursuant to A.C.A. § 14-263-104 et seq. However, the facilities appear to have some relationship to a separate organization that prompted your request, Lawrence Health Services, which I suspect may be a private entity. I am further struck by the fact that your request focuses exclusively on the availability of charitable immunity, not governmental immunity[1] — a fact that further raises questions about the extent to which these institutions are public in character. In this regard, I should note that I am specifically prohibited from engaging in the private practice of law, A.C.A. §25-16-701, and that if your request emanates from a private entity, the requester should rely solely on private counsel for advice.
Having expressed these reservations, I can and will set forth the general principles courts apply in determining whether charitable immunity will extend to any particular defendant. In George v. Jefferson HospitalAss'n. Inc., 337 Ark. 206, 211-12, 987 S.W.2d 710 (1999), the Supreme Court explained the doctrine as follows:
 The essence of the doctrine is that agencies, trusts, etc., created and maintained exclusively for charity may not have their assets diminished by execution in favor of one injured by acts of persons charged with duties under the agency or trust.[2] Crossett Health Center v. Croswell, 221 Ark. 874, 256 S.W.2d 548 (1953). Through the years we have examined the doctrine in detail, finding it applicable to some entities claiming charitable-entity status and inapplicable to others.[3] The doctrine obviously favors charities and results in a limitation of potentially responsible persons whom an injured party may sue. We, therefore, give the doctrine a very narrow construction. Williams v. Jefferson Hospital Association, Inc., 246 Ark. 1231, 442 S.W.2d 243 (1969). But applying it narrowly does not mean that we will avoid its use in any appropriate circumstance.
 In a recent case considering charitable immunity, we adopted eight factors for courts to review to aid in determining whether charitable immunity applies to a given set of facts. Masterson v. Stambuck, 321 Ark. 391, 902 S.W.2d 803 (1995). These factors are illustrative, not exhaustive, and no single factor is dispositive of charitable status. Ouachita Wilderness Inst. v. Mergen, 329 Ark. 405, 947 S.W.2d 780
(1997). These factors include: (1) whether the organization's charter limits it to charitable or eleemosynary purposes; (2) whether the organization's charter contains a "not-for-profit" limitation; (3) whether the organization's goal is to break even; (4) whether the organization earned a profit; (5) whether any profit or surplus must be used for charitable or eleemosynary purposes; (6) whether the organization depends on contributions and donations for its existence; (7) whether the organization provides its services free of charge to those unable to pay; and (8) whether the directors and officers receive compensation. Masterson, supra, at 401.
(Footnotes omitted.) As the court noted in Stambuck, these eight factors are essentially indistinguishable from those used by the Arkansas Court of Appeals in determining whether a hospital qualifies as a charitable institution. 321 Ark. at 403, citing Marion Hospital Association v.Lanphier, 15 Ark. App. 14, 688 S.W.2d 322 (1985).
Applying these factors to the institutions at issue in your request will entail conducting an intense factual inquiry of the sort I am neither equipped nor authorized to undertake. One of my predecessors' analysis when confronted with a similar question is instructive in this regard:
 Your third question . . . involves the issue of a non-profit corporation's qualification as "charitable." It is difficult to determine, given the absence of specific facts, whether the youth service provider in question qualifies as such. A Boys Club and the YMCA have been deemed charitable institutions. Cabbiness v. City of North Little Rock, 228 Ark. 356, 307 S.W.2d 529 (1957); Collyard v. American Home Assurance Co., 271 Ark. 228, 607 S.W.2d 666 (1980). And an organization whose purpose was to provide rehabilitation, housing and medical care for, among others, youth would apparently have been considered charitable had it been maintained for its stated purposes. J.W. Resort, Inc. v. First Am. Nat. Bank, 3 Ark. App. 290, 625 S.W.2d 557 (1981).
Ark. Op. Att'y Gen. No. 86-113. As this passage suggests, determining whether the Hospital and the Nursing Center qualify as charitable organizations will turn not only on their formal structure and professed purposes as reflected in their charter documents, but also on their practical activities. I should further note that the directors of private nonprofit corporations are afforded a qualified immunity from vicarious liability for the negligence of employees pursuant to A.C.A. § 16-120-101et seq. The directors of county hospital boards are further personally insulated from liability "for any civil damages arising out of the operation of the hospital." A.C.A. § 14-263-104(e). Beyond this, I can only advise your constituent to refer its question to the county attorney or, if appropriate, to private counsel for review in light of all the pertinent facts.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] The concept of tort immunity for local governments is set forth at A.C.A. § 21-9-301:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
[2] In a representative statute dealing with charitable solicitations, the term "charitable organization" is defined as follows:
 (1) "Charitable organization" means any benevolent, philanthropic, patriotic, civic, or eleemosynary person;
* * *
 (2) "Person" means an individual, organization, group, association, partnership, corporation, or any combination of them.
A.C.A. § 4-88-102.
[3] In George, the court listed the following cases in which the application of charitable immunity was at issue:
 The following are cases in which this court held charitable immunity applicable:
 Fordyce v. Woman's Christian National Library Association, 79 Ark. 550
(1906); Hot Springs School District v. Sisters of Mercy, 84 Ark. 497
(1907); Cabbiness v. City of North Little Rock, 228 Ark. 356, 307 S.W.2d 529 (1957); Helton v. Sisters of Mercy of St. Joseph's Hospital, 234 Ark. 76, 351 S.W.2d 129 (1961); Williams v. Jefferson Hospital Association, Inc., 246 Ark. 1231, 442 S.W.2d 243 (1969); LeMay v. Trinity Lutheran Church, 248 Ark. 119, 450 S.W.2d 297 (1970).
 The following are cases in which this court held charitable immunity inapplicable:
 Crossett Health Center v. Croswell, 221 Ark. 874, 256 S.W.2d 548
(1953); J.W. Resort, Inc. v. First American National Bank, 3 Ark. App. 290, 625 S.W.2d 557 (1981); Masterson v. Stambuck, 321 Ark. 391, 902 S.W.2d 803 (1995); Ouachita Wilderness Institute v. Mergen, 329 Ark. 405, 947 S.W.2d 780
(1997).
337 Ark. at 218 n. 2.